DAVID HUMPHREYS, plaintiff in error, *vs.* HENRY MATTHEWS, defendant in error.

*Error to Cook.*

The benefit of the attachment act is not confined to any particular form of action. It is applicable to actions of account; and joint tenants, tenants in common, and co-parceners may enforce rights under it.

Humphreys sued out an attachment against Matthews, returnable into the Cook Circuit Court, upon an affidavit, in substance, as follows : That in the year 1846 the plaintiff and defendant purchased 3,682 bushels of wheat, on joint account. That said wheat was sent to Oswego, in the state of New York, by agreement, and was there received by the defendant, upon an agreement with plaintiff that said defendant would have the wheat ground and turned into flour. In consideration for which it was agreed that defendant should receive out of the wheat, for himself, all that should not be required to produce 736 barrels of flour ; the defendant agreeing to produce that number of barrels of flour, of superfine quality, and to sell the same, free from any charge for storage at Oswego, for the joint profit of both, and to render a just account of the sale of the flour—plaintiff to have one half of the proceeds. That plaintiff, on the 23d of July, 1847, received from defendant a letter, containing the account of sales of the flour. That said flour had been sold on joint account in the cities of Troy and Boston. That the flour was sold during the month of May, 1847, and after the fifteenth of the month. That the average value of flour in the city of Troy, at that time, as near as can be ascertained, was not less than eight dollars per barrel, and that its value in Boston, on the 29th of May, was $ 8 25 per barrel. That defendant represented to plaintiff that 220 barrels of the flour were sold in Troy and the residue in Boston. That all expenses incurred in the sale of said flour, " as near as can be ascertained," did not exceed $ 800, after deducting which from the proceeds of the sales of the flour, the remainder should be divided between them. That defendent has never paid to the plaintiff to exceed $ 2,546 08, for his share of the nett proceeds of the flour. " By means of all which, said plaintiff deposes and says, that the said defendant is indebted to the said plaintiff in the sum of four hundred and fifty-three dollars and fifty-four cents ; and said plaintiff further deposes and says, that said Henry Matthews, the said defendant, is not a resident of the state of Illinois." Upon the return of the attachment, a motion was made to dismiss it, upon the insufficiency of the affidavit upon which it was founded ; which motion, Judge Thomas presiding, was sustained, at the June term, 1848, and the attachment dismissed. Humphreys brings the

cause to this Court, and assigns for error the dismissal of the attachment.

J. M. Wilson and E. W. Tracy, for plaintiff in error.

N. B. Judd and Manniere & Meeker, for defendant in error.

Opinion by Mr. Justice Trumbull:

Can an action of account be commenced by attachment, and if so, was the affidavit upon which the writ in this case issued sufficient?

The Circuit Court, on motion of the defendant, dismissed the proceeding, and that decision is now assigned for error.

Our attachment act is very broad, and the benefit of its provisions is not confined to any particular form of action. Any creditor is authorized, under certain circumstances, to sue out an attachment, and the statute is silent as to the nature or form of the action in which the writ may issue. The law was designed to furnish a creditor with the means of collecting his debt, in a case where he would be unable to do so in the ordinary mode of proceeding, and we can see no reason why it should not be as applicable to actions of account as to any other class of cases. The claim of a joint tenant, tenant in common or co-parcener is just as sacred as that of any other creditor; and because he cannot resort to the more usual common law actions to enforce his rights, affords no reason why he should be deprived of the benefit of the attachment act, when he presents a case that would authorize an attachment, were he permitted to sue in debt or assumpsit.

As to the sufficiency of the affidavit, there can be no question. After setting forth the dealings between the parties, and the nature of the indebtedness, with great particularity, it alleges that the defendant, by means of the premises, is indebted to the plaintiff in the sum of four hundred and fifty-three dollars and fifty-four cents, and that said defendant is not a resident of the state. Upon such an affidavit an attachment may properly issue.

The judgment of the Circuit Court, dismissing the attachment, is reversed, and the cause remanded, at the costs of the defendant in error. *Judgment reversed.*