## CURRY v. ALLEN.

1. **Practice**: ATTACHMENT. An attachment may be issued in any civil action, whether by ordinary or equitable proceedings.

2. ———: SETTLEMENT OF PARTNERSHIP. Pleadings and evidence in an action for the settlement and dissolution of a partnership considered.

*Appeal from Allamakee Circuit Court.*

THURSDAY, DECEMBER 16.

THE petition stated the plaintiff and defendant owned a threshing machine in partnership, and during the year 1877 were engaged in threshing grain; that there was an unsettled account between them growing out of said partnership business, on which there was due plaintiff $150, for which judgment was asked. The proper affidavit having been made, the plaintiff asked an attachment, which was issued, and was levied on defendant's "half of the machine and one horse."

At the proper time the defendant moved the court to transfer the cause to the equity docket, and that it be tried on

written evidence.  The motion was sustained.  Afterward an amended petition was filed setting out at length the several sums of money received and paid out on account of the partnership business.  Paragraph six thereof contained certain items of expense paid by plaintiff, but it appeared therefrom the payments were not made until after the commencement of this action.  The defendant moved to strike out the paragraph because said payments could not be considered in this action, and also to dissolve the attachment because it is not a proper remedy in equity actions between partners.  The motion was overruled, and the defendant answered, setting out at length the several sums of money received and paid out by him.  It was stated in the answer that in December, 1876, there was a settlement of the partnership business, and it was then found plaintiff was indebted to defendant in a sum stated. In an amended answer it was stated the plaintiff had used and operated the machine for the years 1878 and 1879, and had appropriated the earnings to his own use.  An accounting thereof was asked.  In an amended petition the plaintiff asked an accounting, that the partnership be dissolved, and plaintiff have judgment for the amount found due him.

The court decreed: *First,* a dissolution of the partnership; *Second,* that defendant was indebted to plaintiff in a certain sum growing out of the business for the year 1877, and *Third,* excluded the claims of both parties which did not grow out of the business for that year.  The defendant appeals.

*Burling & Stowe,* for appellant

*S. S. Powers,* for appellee.

SEEVERS, J.—I.  The statute provides the "plaintiff in a civil action may cause any property of the defendant which is not exempt from execution to be attached."

1. PRACTICE: attachment.

Code, § 2949.  "A civil action is a proceeding in a court of justice in which one party known as the plain-

tiff demands against another party known as the defendant the enforcement or protection of a private right, or the prevention or redress of a private wrong." Code, § 2505. "The proceedings in a civil action may be of two kinds, ordinary or equitable." Code, § 2507. That partnership property may be attached is recognized by statute, and the manner such right may be exercised defined. Code, § § 2973, 2974. This being a civil action, therefore, the motion to dissolve the attachment was properly overruled. If a reason be required in support of the statute, it may be said that an attachment ordinarily is less expensive than a receiver.

II.   There was evidence tending to show there was a settlement of the partnership accounts in December, 1876, and

2. ——: settlement of partnership.

that the plaintiff was found indebted to the defendant. The evidence also tended to show the plaintiff took possession of and used the partnership property during the years 1878 and 1879, and appropriated the proceeds to his own use, and refused to account therefor, although the partnership had not been dissolved. In adjusting the accounts the court refused to consider the foregoing evidence, but left such questions open, and reserved the right to either party to bring other actions for the adjustment thereof. In this we think the court erred. The aforesaid matters were properly pleaded by the defendant, and the court had jurisdiction of the parties and subject-matter, and should have considered the same in this action. If there was anything due the defendant at the close of 1876, he had the right to have the same applied to the reduction of the amount due from him to the plaintiff in 1877. As there was no dissolution of the partnership, and the plaintiff used the partnership property in 1878 and 1879, the defendant had the right to have the amount due him, if anything, ascertained, and the same adjusted in this action.

As this cause must be reversed, we deem it proper to say: *First*, that both parties should be charged with all moneys received and paid out on account of the partnership, whether

before or after the commencement of this action; and *Second*, that the pleadings should be amended, or otherwise reformed, if necessary, so as to effect a full and complete adjustment of all partnership accounts, to the end that a full and final decree may be made.

REVERSED.