E. D. HANSEN, Appellant, v. JOHN H. MORRIS,
Appellee.

Partnership: ACTION FOR ACCOUNTING: ATTACHMENT IN AID OF.
Where a partner brings an action against his copartner for an account-
ing, and alleges that such accounting will show a sum due to him
from his copartner, and asks judgment therefor, his petition shows
upon its face an indebtedness due to himself from his copartner, for
which an attachment may issue as in other actions.

*Appeal from Jackson District Court.*—HON. C. M.
WATERMAN, Judge.

THURSDAY, JANUARY 26, 1893.

ACTION in equity to quiet title in the plaintiff to
certain lands as against an attachment levied thereon
in favor of the defendant. A decree was entered dis-
missing the plaintiff's petition, from which he appeals.
—*Affirmed.*

*C. M. Dunbar, Wm. Graham* and *D. A. Wynkoop,*
for appellant.

*Johnson & Kelsey* and *John C. Bills,* for appellee.

GIVEN, J.—The plaintiff's title to the land in ques-
tion is under a sheriff's deed, based upon the following
proceedings: On May 17, 1888, D. M. Hubbell sued
out an attachment against the property of H. B.
Griffin, which was levied upon the land in question at
2 o'clock P. M. on the same day, "subject to the
attachment of J. H. Morris, heretofore made on same
property." Hubbell obtained judgment against Griffin,
and an order for special execution. Special execution
was issued, and the land sold thereunder to Hubbell,
"subject to the attachment of J. H. Morris," and a

certificate issued to Hubbell reciting that the sale was made subject to the attachment of Morris. This certificate was assigned to the plaintiff, and in due time the sheriff executed to him a deed for the land, reciting that it was "subject to the attachment of J. H. Morris." After receiving the deed from the sheriff, and before filing it for record, the plaintiff erased therefrom the words, "Subject to the attachment of J. H. Morris."

On the same day, May 17, 1888, J. H. Morris commenced an action in equity against H. B. Griffin to terminate a partnership then and theretofore existing between them, and for an accounting and settlement between the partners. He alleged that there was due to him five thousand dollars, for which he asked judgment, and that Griffin was about to dispose of his property with intent to defraud his creditors, and asked an attachment. An attachment was issued and levied upon the land in question at 9:30 o'clock A. M. of said seventeenth day of May. A receiver was appointed, who took charge of the partnership assets. On March 20, 1889, decree was entered finding that Morris was entitled to receive fourteen thousand, one hundred and thirty dollars and fifty cents out of the property of the firm before Griffin was entitled to receive anything, and ordering that the property remaining after satisfying Morris be divided equally between the partners, and that, if the property was insufficient to pay Morris said sum, with interest from the date of the judgment, then Morris should recover of Griffin one-half of the difference, "and shall have special execution against the property attached herein, to make said amount, with interest, costs, and accruing costs." There was also an order for a general execution against Griffin. On appeal to this court said decree was modified as to the amount due to Morris, reducing the same to seven thousand, eighty-nine dol-

lars and twenty-five cents (*Morris v. Griffin*, 83 Iowa, 327), and on May 20, 1892, a decree was entered accordingly in the district court. The proceedings upon which the plaintiff's title is based were all had pending the case of *Morris v. Griffin*, and before the final termination thereof.

The appellant's contention is that the appellee, Morris, was not entitled to an attachment against the property of Griffin in the action to settle the partnership, and that the attachment was therefore invalid. He insists that the relation of debtor and creditor did not exist between Morris and Griffin, but that as to all partnership affairs it was between the members and the firm, and that whatever might be found due to either was the debt of the firm, and not of the other partner. A number of cases are cited holding, in effect, that partners can not sue each other at law upon any matter involving the accounts of the partnership, but these cases all recognize the right of a partner to ask an accounting in equity. It is said that the existence of an indebtedness is an essential prerequisite to the issuing of a writ of attachment, and that no debt existed in favor of Morris from Griffin until final settlement. *Curry v. Allen*, 55 Iowa, 318, seems to us to fully answer these contentions. That was an action by one partner against the other for a settlement, and for judgment for one hundred and fifty dollars, claimed by the plaintiff to be due to him. The proper affidavit having been made, an attachment was issued in favor of the plaintiff, and levied on the defendant's half of a certain property owned by the partnership. The defendant moved "to dissolve the attachment, because it is not a proper remedy in equity actions between partners." This court held that the motion was properly overruled. When, in the settlement of a copartnership, after exhausting the assets of the firm, there is a balance due from the firm to one of the partners, such balance

is an individual liability against the other members of the copartnership. That it requires an accounting and settlement to ascertain what that balance is does not change the fact that the indebtedness existed before the accounting and settlement. In such an action, where the indebtedness is alleged, the plaintiff is as much entitled to an attachment against the property of the alleged debtor as in any other case of alleged indebtedness. Morris' demand for judgment was against Griffin individually, and his attachment was against the property of Griffin, and therefore he stood as any other individual creditor of Mr. Griffin. By the plaintiff's own showing he has all that his assignor, Hubbell, required to be attached; he has all that the court ordered to be sold upon execution, and all that was sold and conveyed to him under execution.

We are clearly of the opinion that there was no error in dismissing the plaintiff's petition, and the judgment of the district court is therefore AFFIRMED.