## BUCK v. BRANSFORD.

Opinion delivered December 16, 1893.

1. *Equity—Marshaling assets.*

Where a husband and his wife pledge the personal property of both to secure the husband's debt, under agreement that the wife's property should not be resorted to unless the husband's proved insufficient, a judgment creditor of the husband cannot compel the pledgee to exhaust his remedy against the wife's property before resorting to the husband's.

2. *Practice—Attachment.*

A bill to compel a marshaling of assets is not a proceeding in which an attachment may be issued.

Appeal from Lonoke Chancery Court.

DAVID W. CARROLL, Chancellor.

*George Sibly* and *Thos. C. Trimble* for appellant.

Plaintiff had no other remedy than the one instituted, and was entitled to have the assets marshaled. 1 Story, Eq. Jur. secs. 637-8 *et seq;* Jones, Chat. Mortg. sec. 788; 40 Ark. 104; 48 *id.* 238. Everything Bransford had was in the house at the time the deed of trust was given, or subsequently, and was bound by the deed of trust (Jones, Chat. Mortg. secs. 156, 170 *et seq; ib.* 561, 565) ; and could not be sold on execution. 18 Ark. 60; *ib.* 508, 183; 22 *id.* 38.

MANSFIELD, J. The defendant James L. Bransford having purchased from the defendants Fletcher and England, a lot of furniture, he and his wife, L. E. Bransford, executed a deed whereby they conveyed the furniture to W. J. Beard in trust to secure the payment of the purchase money. It appears that the deed also embraced certain articles of furniture belonging to Mrs. Bransford; but what proportion in value such articles bore to the other furniture conveyed with them is not shown. As collateral security for the payment of the

same debt, Mrs. Bransford, at the time of executing the trust deed, indorsed and delivered to England and Fletcher two notes, which were her separate property. These notes were, however, received by the pledgees under an agreement that they should not be resorted to as a means of satisfying the principal debt unless the furniture proved insufficient for that purpose.

After the date of these transactions, the plaintiff, Buck, obtained a judgment against the defendant James L. Bransford before a justice of the peace, and sued out execution thereon, which was levied upon part of the furniture in the possession of the Bransfords, who had retained it under a provision of the deed. Mrs. Bransford claimed the property levied upon, and the constable released it because of the plaintiff's failure to give an indemnifying bond with such sureties as were acceptable. Subsequently, Buck instituted this suit against all the parties to the trust deed, alleging that Fletcher and England had received large sums in money and property on their debt, and had collected, or could collect, the notes received from Mrs. Bransford, but that they had failed to enter any credit upon the record of the trust deed. There is no distinct and express averment that the value of the furniture and the amount of the collateral securities exceed the balance due to Fletcher and England, but the prayer of the complaint is that the assets be marshaled, and that a sufficient part of the property conveyed be sold to satisfy the plaintiff's judgment.

The defendants answered jointly, setting up the agreement with Mrs. Bransford as to the notes belonging to her, and that England, after buying the interest of Fletcher in the mortgage debt, had come to a settlement with Bransford and wife, whereby he had released the articles of furniture belonging to Mrs. Bransford, and that they had conveyed to him, by absolute bill of

sale, the remainder of the furniture in satisfaction of the balance due on his debt. The amount of the balance due to England is stated in the answer, and by the answer he offers to surrender the furniture on the payment to him of the sum at which he had received it in the settlement.

During the progress of the cause the plaintiff sued out an attachment which appears to have been levied upon part of the furniture, and at a later day Mrs. Bransford filed a separate answer, claiming the goods attached as her separate property, and exhibiting a schedule of the same, previously filed in the clerk's office. The court dismissed the complaint for want of equity, and quashed the order of attachment. Buck has appealed.

The deed of trust is in such form as to be, in effect, only a mortgage; but, as the equity of redemption in a chattel is not subject to execution, if the property conveyed had been more than sufficient to pay the debt secured, a bill would have been maintainable to close the trust and apply the excess in the proceeds of the mortgaged property, so far as it belonged to James L. Bransford, to the satisfaction of the plaintiff's judgment. *Hannah* v. *Carrington*, 18 Ark. 91; *Cornish* v. *Dews*, 18 Ark. 172; *Jennings* v. *McIlroy*, 42 Ark. 236; *Cross* v. *Fombey*, 54 Ark. 179. But the evidence shows that the value of the trust property did not exceed the balance due to England; and that, before the complaint was filed, he had, by the settlement mentioned in the joint answer, become the purchaser of all the furniture, except so much of it as, by that settlement, was treated as belonging to Mrs. Bransford. As his purchase appears to have been free from fraud or collusion, and at a price larger than any that could probably have been otherwise obtained, the court properly allowed it to stand, unless

1. As to marshaling assets.

the plaintiff has shown an equity in his favor sufficient to avoid it. *Bazemore* v. *Mullins*, 52 Ark. 207.

The price at which England took the furniture conveyed to him by the bill of sale was not equal to the amount of his debt, and the balance due him was paid by allowing him to retain a sum sufficient for that purpose out of funds collected on one of the notes held as collateral security. Mrs. Bransford, it seems, consented to the payment thus made, in consideration of obtaining the release of that part of the furniture claimed as her separate property. The articles released were not probably worth more than the sum paid to redeem them, and if her claim to their original ownership is not well founded, the settlement could not, without injustice to her, be set aside, as to those articles, except by reimbursing her for the money she paid to accomplish the settlement. If full effect be given to the settlement, her right to the furniture she claims cannot be denied ; and if the settlement be entirely disregarded, then the lien of the mortgage is to be considered a subsisting one, and the whole of the property to which it attaches would be required to discharge it. The plaintiff was not therefore injured by the disposition made of the property, unless he had an equity arising out of the existence of the collateral securities, and to which the settlement referred to was detrimental. He contends that it was his right to have the whole amount of the notes pledged by Mrs. Bransford collected and applied towards the payment of England's claim, before resorting to the mortgaged property, and that the latter should have been made to satisfy only the balance on that debt which would have remained after such partial payment. To justify this position, he cites the familiar rule that where a "creditor has a lien upon two funds for payment of his debt, and a subsequent creditor a lien upon one only of such funds," the former may

be required "to exhaust his remedy against the fund which is especially given for his security before resorting to that in which the subsequent creditor is interested." Colebrooke, Collateral Securities, sec. 98. But this rule is never applied where its operation would be unjust to any person interested in the fund or property to be affected. (*Marr* v. *Lewis*, 31 Ark. 203 ; *Reynolds* v. *Tooker*, 18 Wend. 594). And its application to the facts of this case would require us not only to ignore the conditional agreement by which the notes were pledged, but also, in effect, to appropriate Mrs. Bransford's property to the payment of a debt for which it is in no wise liable. As against her, such a decree would, of course, be inequitable. *Ayres* v. *Husted*, 15 Conn. 517.

The chancellor did not err in dismissing the complaint. Nor was it error to discharge the attachment. The statute makes no provision for the issue of attachments in actions such as this, and the order obtained from the clerk was improperly granted.

*2. Practice in attachments.*

Affirmed.