[No. 2922. Decided June 28, 1898.]

JOHN E. BINGHAM, *Respondent*, v. HOWARD R. KEYLOR, *Appellant*.

ATTACHMENT — WHEN LIES — EQUITABLE ACTIONS — CONVERSION OF PARTNERSHIP PROPERTY — REPEAL OF STATUTE.

An attachment may issue in an equitable action, when the object is to recover a specified amount of money, under Bal. Code, § 5350, providing that the plaintiff at the time of commencing an action, or at any time afterward before judgment, may have the property of the defendant attached. (REAVIS, J., dissents.)

The act of 1854 as amended by Laws 1867, p. 97, making the conversion of partnership funds grand larceny, having been repealed by implication by Laws 1873, p. 251, which omitted such offense and declared that only crimes prescribed therein should be punished, an attachment will not issue on account of the

conversion of partnership property, as the statutory provision awarding the writ on the ground of injuries arrising from the commission of some felony is inapplicable.

The action of a partner in collecting debts due the firm and refusing or neglecting to charge himself therewith does not fall within the provisions of Bal. Code, § 5351, subd. 8, authorizing attachment, where "the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought."

Appeal from Superior Court, Walla Walla County.— Hon. Thomas H. Brents, Judge. Reversed.

*B. L. & J. L. Sharpstein*, and *Thomas & Dovell*, for appellant.

*George T. Thompson, Wellington Clark*, and *E. W. Bingham*, for respondents.

The opinion of the court was delivered by

Gordon, J.—The parties to this action were partners engaged in the practice of their profession as physicians and surgeons in the city of Walla Walla. The action was brought for a dissolution of the partnership, an accounting, and the appointment of a receiver. Subsequently to the commencement of the action, the plaintiff applied for and obtained a writ of attachment. The affidavit sets forth

" that the defendant and plaintiff being equal partners, the defendant has collected and converted to his own use $15,000, owing to the partnership, and has fraudulently concealed and failed to charge himself with the same, or to account for the same, with the fraudulent intent to convert the same to his individual use."

As grounds for attachment the affidavit states: First, that the defendant is about to dispose of his property with intent to defraud his creditors; second, that the defendant has been guilty of fraud in incurring the obligation for which the action is brought; third, that the recovery is

sought for injuries arising from the commission of the crime of grand larceny. Defendant moved to discharge the writ, and the lower court having denied his motion, he has appealed. The questions to be considered here are: (1) Will an attachment lie under our law in an equitable action? (2) Has the act of the territorial legislature of 1854 (Sess. Laws, p. 75), as amended by the act of 1867 (Sess. Laws, p. 97), been repealed? And (3) do the acts of a partner who collects accounts and debts due the firm, but refuses or neglects to charge himself therewith, fall within subd. 8 of § 5351, Bal. Code (2 Hill's Code, § 289), which provides for an attachment where " the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought?"

Proceeding to an examination of these questions in the order above set out, we find that in New York, Missouri, Texas, Arkansas, and perhaps some of the other states, the right to an attachment in equitable actions is denied (*Thorington v. Merrick*, 101 N. Y. 5, 3 N. E. 794; *Brumback v. Weinstein*, 37 Mo. App. 520; *El Paso National Bank v. Fuchs*, 89 Tex. 197, 34 S. W. 206; *Buck v. Bransford*, 58 Ark. 289, 24 S. W. 103); while in Ohio, Iowa, and Illinois the right is distinctly affirmed (*Goble v. Howard*, 12 Ohio St. 165; *Ward v. Howard*, 12 Ohio St. 158; *Curry v. Allen*, 55 Iowa, 318, 7 N. W. 635; *Hansen v. Morris*, 87 Iowa, 303, 54 N. W. 223; *Humphreys v. Matthews*, 11 Ill. 471). See, also *Stone v. Boone*, 24 Kan. 337.

In § 2, vol, 1, Wade, Attachment, it is stated:

" Attachment is essentially a creature of the written law. Hence but little assistance can be obtained in discussing this peculiar remedy by looking beyond the statute by which it is authorized."

Our statute (§ 5350, Bal. Code, 2 Hill's Code, § 288) is as follows:

" The plaintiff, at the time of commencing an action, or at any time afterward before judgment, may have the property of the defendant, or that of any one or more of several defendants, attached in the manner hereinafter prescribed, as security for the satisfaction of such judgment as he may recover."

Under this statute we think an attachment may issue in an equitable action equally as well as in an action strictly legal, when the object is to recover money, and the nature of it is such as to enable the plaintiff to specify the amount of indebtedness; and where the object of the action is to dissolve a partnership and for an accounting, and it is shown that upon such accounting a balance will be due the plaintiff, we perceive no reason why the plaintiff may not have an attachment, provided, of course, he can and does specify in his affidavit the amounts of the indebtedness and some statutory ground for attachment.

2. Has the act of the territorial legislature of 1854, as amended by the act of 1867 (Sess. Laws, p. 97), been repealed? The effect of the amendment of 1867 was to make a partner who converted to his own use partnership assets guilty of grand larceny, and subd. 9 of § 5351, Bal. Code, provides for an attachment where " the damages for which the action is brought are for injuries arising from the commission of some felony." Appellant urges several objections to the validity of the act of 1867, but, in our opinion, they do not require notice, for we think the act (Laws 1867, p. 97) was repealed by § 325 of the act of 1873 (Sess. Laws, p. 251), which contained the following provision:

" All laws heretofore enacted on any subject matter provided for by this act are hereby repealed and hereafter judgments shall only be pronounced and enforced in criminal cases for crimes and offenses prescribed by this act."

And an examination of that act shows that the conversion of partnership funds is not included within its provisions.

3. We think that the defendant was not " guilty of a fraud in incurring the obligation for which the action was brought," within the meaning of subd. 8, § 5351, Bal. Code. It is admitted—indeed, the affidavit for attachment alleges—that the defendant and the plaintiff were equal partners. As such partner the defendant was entitled to receive on behalf of the partnership firm all that he is charged with having received. He became indebted to the partnership the moment he received it, and his subsequent failure to charge himself with, or otherwise account for, the moneys so collected, does not make him guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought. His lawful right to receive it in no way depended upon his subsequent conduct with reference to it. The failure of a partner to account to the firm for moneys collected by him affords no ground for attachment under subd. 8, *supra.* Suppose that the defendant had charged himself with everything collected, but had failed to pay over to his partner one-half or any part thereof, would not his legal liability be precisely the same as it is in the present case, no greater and no less? And surely in such case it could not be contended that his failure to pay would afford ground for attachment. The fact is that the indebtedness or obligation here involved was not induced or incurred by fraud. The fraud, if any, was subsequent to contracting the debt or incurring the obligation, and the indebtedness was not the result or consequence of any fraudulent transaction. In this respect we think the learned judge erred, and his order must be reversed. *Meyer v. Zingre,* 18 Neb. 458 (25 N. W. 727). The cause will be remanded, with direction to dissolve and set aside the attachment.

SCOTT, C. J., and DUNBAR and ANDERS, JJ., concur.

REAVIS, J.—I concur in the result, but do not think,

under our statute, an attachment can issue in an equitable action.