[No. 6677.   Decided September 11, 1907.] ·

ADVANCE THRESHER COMPANY, *Appellant*, v. JOHN M. SCHIMKE, *Respondent*.[1]

ATTACHMENT—WHEN ISSUES—WHILE PROSECUTING FORECLOSURE—CHATTEL MORTGAGES.   In an action brought to foreclose a chattel mortgage, an attachment cannot be issued and levied upon other property, in anticipation of an unknown deficiency, in view of Bal. Code, § 5893, providing that the plaintiff shall not prosecute any other action for the same matter while he is foreclosing his mortgage.

Appeal from an order of the superior court for Lincoln county, Warren, J., entered October 30, 1907, upon motion of the defendant, dissolving a writ of attachment issued during the pendency of an action to foreclose a mortgage.   Affirmed.

*Martin & Wilson* and *W. M. Nevins*, for appellant.

*Neal, Sessions & Myers*, for respondent.

CROW, J.—On August 27, 1906, the plaintiff, Advance Thresher Company, a corporation, sold to the defendants, John M. Schimke and Fred Knoblich, certain farm machinery. To secure the purchase price the defendants executed and delivered to the plaintiff two notes, for $855 and $775, falling due October 1, 1906, and October 1, 1907, together with a chattel mortgage on the machinery and other personal property.   On October 30, 1906, the plaintiff commenced this action to foreclose its mortgage, and forthwith caused a writ of attachment to be issued and levied upon property of the defendant Schimke other than that described in the mortgage. The trial court, upon motion of defendant Schimke, entered an order dissolving the attachment, and the plaintiff has appealed.

[1]Reported in 91 Pac. 645.

The controlling question before us is whether, in an action to foreclose a mortgage, a writ of attachment may be issued before judgment. Bal. Code, § 5893 (P. C. § 1279), [made applicable to chattel mortgage foreclosures by Bal. Code, § 5879 (P. C. § 1283)], reads as follows:

"The plaintiff shall not proceed to foreclose his mortgage while he is prosecuting any other action for the same debt or matter which is secured by the mortgage, or while he is seeking to obtain execution of any judgment in such other action; nor shall he prosecute any other action for the same matter while he is foreclosing his mortgage or prosecuting a judgment of foreclosure."

Appellants contend, (1) that an attachment may issue in an equitable action, citing *Bingham v. Keylor*, 19 Wash. 555, 53 Pac. 729; and (2) that the attachment being a provisional remedy, ancillary to the main action, is not another action for the same debt, in contemplation of § 5893. While in *Bingham v. Keylor*, *supra*, which was an action for the dissolution of a partnership, an accounting, and the appointment of a receiver, it was held that an attachment might issue in an equitable action, in so holding we said:

"Where the object of the action is to dissolve a partnership and for an accounting, and it is shown that upon such accounting a balance will be due the plaintiff, we perceive no reason why the plaintiff may not have an attachment, *provided, of course, he can and does specify in his affidavit the amounts of the indebtedness* and some statutory ground for attachment."

There the affidavit alleged the exact amount of indebtedness, which was on an unsecured claim. Here the appellant by foreclosure is primarily subjecting the mortgaged property to the payment of secured notes. It claims no remedy under the writ of attachment until it shall first exhaust the property covered by its mortgage. It does contend, however, that by reason of the inadequate value of the mortgaged property, it will be entitled to a deficiency judgment for at least $500, and that it is now entitled to a writ of attachment in advance of

such judgment, to secure the same.  It cannot know that the contingency of a deficiency judgment will ever arise, for while it may be unwilling to bid the full amount of its claim at foreclosure sale, some other person may do so.  Although appellant has by contract extended credit to respondents on the notes and mortgage, it is now pursuing two remedies at one and the same time, one by foreclosure on the mortgaged property, and the other by attachment of additional property to secure a possible deficiency judgment.  How can it, in advance of such deficiency judgment, which it may never obtain, comply with Bal. Code, § 5351 (P. C. § 511), which requires that the affidavit for attachment shall specify the amount of indebtedness?  While it is true that, strictly speaking, an attachment is not a separate action, but an ancillary proceeding, it would, if resorted to before judgment, be an additional remedy not contemplated in foreclosure proceedings under our statutes.  The evident spirit and intent of § 5893 was to prevent plaintiffs from harassing defendants, in foreclosure actions, with ancillary proceedings prosecuted before judgment, for the purpose of seeking additional and concurrent remedies other than those authorized by statute, or arising in the usual course of procedure.  It was to prohibit a mortgagee securing, by writ of attachment or otherwise, an additional remedy in anticipation of a deficiency judgment, while looking to the mortgage security, and before exhausting the same by foreclosure and sale.

In *Rohrer v. Snyder*, 29 Wash. 199, 69 Pac. 748, it was contended that a mortgagee could not by attachment pursue an independent remedy for the collection of the mortgage debt while foreclosing.  The validity of the attachment was not raised in the original foreclosure proceeding in which the writ had issued, but was raised in a collateral action, being the one then on appeal.  In passing upon the appellant's contention we said:

"The second [contention] is based upon § 5893 of the Code (Ballinger's).  It is there provided that a mortgagee

shall not 'prosecute any other action for the same matter while he is foreclosing his mortgage or prosecuting a judgment of foreclosure.' Doubtless this provision of the statute would have furnished a sufficient ground for dissolving the attachment, had it been urged in the foreclosure action; and perhaps it might have furnished a ground for reversing the foreclosure judgment, had an appeal therefrom been taken. But such proceedings were voidable, not void, and to attack them in this way is to attack the judgment collaterally, where error, merely, cannot avail."

Here the respondent moved the trial court to dissolve the attachment, on the ground that it was issued while the appellant was proceeding with the foreclosure of its mortgage. In view of the inability of the appellant to anticipate the exact amount of any deficiency judgment to which it may or may not be hereafter entitled, or to state the same in its affidavit for attachment, and in view of our construction of § 5893, we hold that the trial judge rightfully sustained the motion to dissolve.

The judgment is affirmed.

HADLEY, C. J., RUDKIN, and MOUNT, JJ., concur.