[No. 13577. Department One. October 5, 1916.]

THE STATE OF WASHINGTON, on the Relation of T. E.
Getzelman et al., Plaintiff, v. THE SUPERIOR
COURT FOR KING COUNTY, King Dykeman,
Judge, Respondent.[1]

ATTACHMENT—WHEN LIES—"INDEBTEDNESS"—CLAIM FOR DAMAGES. An unliquidated claim for damages for breach of covenant is an "indebtedness" within Rem. 1915 Code, § 648, authorizing a writ of attachment in certain actions upon the filing of an affidavit showing that the defendant is "indebted" to the plaintiff, specifying the amount of such "indebtedness" over and above all just credits and offsets.

SAME—WHEN LIES—CLAIMS FOR DAMAGES—STATUTES. Subdivision 9 of Rem. 1915 Code, § 648, authorizing an attachment in actions for damages arising from the commission of some felony does not limit the causes for which the attachment may be issued in actions for damages; but the attachment may issue under other subdivisions when the debt is alleged to be due and the defendants are nonresidents.

[1]Reported in 159 Pac. 1193.

Application filed in the supreme court June 28, 1916, for a writ of prohibition to prevent the superior court for King county, Dykeman, J., from proceeding in a cause. Denied.

*Kerr & McCord*, for relators.

*Warren H. Lewis*, for respondent.

MOUNT, J.—This is an application for a writ of prohibition. The petition shows that, some time prior to December, 1915, the relators sold a tract of land in Snohomish county to A. Roe and wife, and executed and delivered a warranty deed to said land for a consideration of $16,500, of which $5,500 was paid in cash and deposited to the credit of relators in the National Bank of Commerce of Seattle. The balance of the purchase price was evidenced by promissory notes made by Roe and wife to the relator T. E. Getzelman. One of these notes was for $5,000 and three for $2,000 each. The $5,000 note was secured by a first mortgage on the property deeded by the Getzelmans to Roe. The three notes for $2,000 each were secured by a second mortgage on the same property. All these notes and mortgages were deposited in the National Bank of Commerce for the use and benefit of the relators. Thereafter Roe and wife conceived that the grantors had breached certain covenants in the deed, and thereupon instituted an action in the superior court of King county claiming damages for a breach of the covenants.

The amended complaint contained three causes of action. The first cause of action, after describing the deed and the covenants therein contained, alleged, in substance, that there was a certain easement upon a part of the premises in favor of an abutting owner to carry drain and waste water across the premises; that the existence of this easement caused damages to the plaintiff in that action in the sum of $2,000. The second cause of action, after referring to the deed and the covenants therein and the warranty of quiet and peaceable possession, alleged, in substance, that a portion of the land

was in the lawful possession of other parties, and that by reason thereof the plaintiffs were damaged in the sum of $500. And for a third cause of action, it was alleged that there was an outstanding lease, by reason of which the plaintiffs claimed damages in the sum of $3,000, amounting in the aggregate for the three causes of action to the sum of $5,500. After the complaint in that action was filed, the plaintiffs therein, Roe and wife, sued out a writ of attachment. No property was found within this state upon which the writ could be levied, and thereafter a writ of garnishment was issued and served upon the National Bank of Commerce of Seattle, and the bank made answer to the writ of garnishment to the effect that it held the money and notes and mortgages, hereinbefore referred to, in its possession. The relators are not residents of the state of Washington, but are residents of the state of Illinois. A summons and complaint in that action were served upon them personally in the state of Illinois, and no other process has ever been served upon them. The garnishee, the National Bank of Commerce, attacked the procedure upon the ground that the court was without jurisdiction, and an adverse order in that respect was entered against it. An appeal from that order has been taken to this court.

The relators appeared specially in the cause for the sole purpose of attacking the jurisdiction of the court. The trial court held that it had jurisdiction of the subject-matter of the action by reason of the attachment and garnishment, and this application is to prevent the lower court from proceeding in that cause.

It will be observed from what is said above in regard to the action of Roe against the relators that the action is one for damages for breach of warranty of a deed, and it is argued by the relators that, because such damages are entirely uncertain and unliquidated and speculative in their nature, the action will not support the issuance of the writ of attachment under our statute. Our statute, at Rem. 1915 Code, § 647, provides that "the plaintiff at the time of commencing an

action . . . may have the property of the defendant
. . . attached in the manner hereinafter prescribed."
The next section provides:

"The writ of attachment shall be issued by the clerk of the
court in which the action is pending; but before any such writ
of attachment shall issue, the plaintiff, or someone in his be-
half, shall make and file with such clerk an affidavit showing
that the defendant is indebted to the plaintiff (specifying
the amount of such indebtedness over and above all just
credits and offsets), and that the attachment is not sought
and that the action is not prosecuted to hinder, delay, or de-
fraud any creditor of the defendant, and either,— . . .
    "(2)   That the defendant is not a resident of this state;
or . . .
    "(9)   That the damages for which the action is brought
are for injuries arising from the commission of some felony,
or for the seduction of some female."   Rem. 1915 Code, § 648.

It is not claimed by the petitioner that the affidavit upon
which the attachment was issued was not sufficient, but it is
contended that the word "indebtedness" does not cover an ac-
tion for damages.   The word indebtedness, as used in this
statute, we think may be applied to an action for damages
arising upon a breach of a written contract.   In 22 Cyc., at
page 75, in defining the term "indebtedness," it is stated:

"It is a word of large meaning, and must be construed in
every case in accord with its context.   When used in its strict
legal significance, the word applies only to a pecuniary obli-
gation arising from a contract, expressed or implied; but
given its plainest and most literal signification, it includes
every obligation by which one person is bound to pay money,
goods, or services to another."

See, also, 1 Wade, Attachments, §§ 12, 13, 14.   We are
satisfied, therefore, that the affidavit for the writ was suffi-
cient under this statute.

It is also argued by the relators, as we understand them,
that, because of the 9th subdivision of § 648 to the effect that
the damages for which the action was brought are injuries
arising from the commission of some felony, every other cause

of action for damages is excluded. But it is apparent that subdivision 9 does not limit the causes for which the attachment may be issued. It is one of nine independent causes. The writ of attachment in this case was issued because, first, there was a debt alleged to be due, and second, the defendants were nonresidents of this state. Where the debt is alleged to be due and the defendants are nonresidents of the state the attachment may issue. Or it may issue for an injury arising from the commission of a felony, or for an injury for seduction under the provisions of subdivision 9, irrespective of the other subdivisions of that statute. In the case of *Bingham v. Keylor*, 19 Wash. 555, 53 Pac. 729, in referring to this statute, this court said:

"Under this statute we think an attachment may issue in an equitable action equally as well as in an action strictly legal, when the object is to recover money, and the nature of it is such as to enable the plaintiff to specify the amount of the indebtedness."

It is true in this case the separate causes of action are for damages for the alleged breach of a warranty deed. The object of the complaint was clearly to recover money, and the nature of the action was such that the plaintiff could and did specify the amount of the money demanded as an indebtedness.

We are satisfied, therefore, that the trial court has jurisdiction of the subject-matter of the action by reason of the writs of attachment and garnishment. The application for the writ must therefore be denied.

MORRIS, C. J., CHADWICK, ELLIS, and FULLERTON, JJ., concur.