[No. 16370.   Department One.   April 12, 1921.]

THE STATE OF WASHINGTON, *on the Relation of Adelaide W. Boyer, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Mitchell Gilliam, Judge, Respondent*.[1]

ATTACHMENT (1-1) — ACTIONS IN WHICH WRIT IS AUTHORIZED— "DEBT"—TORTS BY NONRESIDENT—UNLIQUIDATED DAMAGES.   In an action for alienation of affections, claiming unliquidated damages in the sum of $10,000, a writ of attachment is issuable against a nonresident defendant's real property within the jurisdiction of the court, under the provisions of Rem. Code, § 648, authorizing its issuance upon the filing of an "affidavit showing that the defendant is indebted to the plaintiff" in a specified amount, and "that the defendant is not a resident of this state;" since a claim for unliquidated damages is an "indebtedness," within the meaning of the statute.

Application filed in the supreme court March 1, 1921, for a writ of prohibition to restrain further proceedings by the superior court for King county, Gilliam, J., in an action for damages against a nonresident, after the overruling of objections to the jurisdiction of the person.   Denied.

*Smith & Chester*, for relator.

*E. P. Donnelly*, for respondent.

HOLCOMB, J.—This is an original application for a writ of prohibition.   The petitioner relates that suit was instituted by Ida C. Osburne in the court below against relator, a resident of the state of Missouri, for damages in the sum of ten thousand dollars for the alleged alienation of the affections of her husband. She filed her affidavit to the effect that the relator is a nonresident of the state of Washington, and proceeded to publish summons.   She also made affidavit for attach-

[1]Reported in 197 Pac. 321.

ment of property, stating that the defendant in that case is indebted to her in the sum of ten thousand dollars, being damages as alleged in her complaint. The writ of attachment was issued and levied on real estate in King county belonging to the defendant in that case.

In due time defendant, relator here, appeared specially by motion to quash service by publication. This motion was heard and denied by respondent herein, leaving the relator in peril of default, or having to appear and answer the action. The sufficiency of the affidavit for a writ of attachment was not attacked below and is not considered here.

This petition is based upon the theory that the trial court has neither jurisdiction over the relator by constructive service, nor over her property by attachment. It was by reason of the attachment upon real estate that the trial court denied the motion to quash.

Relator, referring to *Pennoyer v. Neff*, 95 U. S. 714, which case held that no valid judgment against a non-resident of the jurisdiction in which the action was proceeding could be obtained *in personam* against such non-resident defendant, without personal service in the jurisdiction, and in a court of competent jurisdiction, or waiver of summons and voluntary appearance therein, asserts that no jurisdiction can be obtained in such situation as exists in this case by reason of a levy upon property by writ of attachment, because the attachment statutes of this state do not contemplate attachment for such money recovery as is sought in this case.

Manifestly the jurisdiction of the trial court over the non-resident defendant depends upon the attachment. The validity of the attachment depends upon the provisions of §§ 647 and 648, Rem. Code. Section 647, *supra,* provides that,

·"The plaintiff at the time of commencing the action . . . . may have the property of the defend-

ant . . . . attached in the manner hereinafter prescribed.''

Section 648, *supra,* provides that,

''The writ of attachment shall be issued by the clerk of the court in which the action is pending; but before any such writ of attachment shall issue, the plaintiff, or someone in his behalf, shall make and file with such clerk an affidavit showing that the defendant is indebted to the plaintiff (specifying the amount of such indebtedness over and above all just credits and offsets), and that the attachment is not sought and the action is not prosecuted to hinder, delay or defraud any creditor of the defendant, and either, . . . . 2. That the defendant is not a resident of this state,'' etc.

In *State ex rel. Getzelman v. Superior Court,* 93 Wash. 98, 159 Pac. 1193, we held that an unliquidated claim for damages for breach of covenants is an ''indebtedness'' within Remington's 1915 Code, § 648, authorizing a writ of attachment in certain actions upon the filing of an affidavit showing that the defendant is indebted to the plaintiff, specifying the amount of such indebtedness over and above all just credits and offsets; and we held, also, in that case that, where a debt is alleged to be due and the defendants are non-residents of the state, an attachment may issue.

It was contended in that case, as here, that, since subd. 9 of § 648, *supra,* reading:

''That the damages for which the action is brought are for injuries arising from the commission of some felony, or for the seduction of some female,'' specifying therein damages arising from the commission of some felony or the seduction of some female, by the inclusion of those torts, excluded from the purview of the attachment statute all others. Respecting that contention, we said: . . . ''Subdivision 9 does not limit the causes for which an attachment may be issued. It

is one of nine independent causes'' and we may add
further, in this case, that subdivision 9 may be used as
a ground for attachment regardless of whether the de-
fendant is a resident or non-resident of this state. In
this case, it is alleged that the defendant is a non-
resident of the state, and that is a sufficient ground for
attachment, provided the recovery demanded consti-
tutes such a demand as will support an attachment
under the statute.

In *State ex rel. American Piano Co. v. Superior
Court,* 105 Wash. 676, 178 Pac. 827, we held that, under
the garnishment statute, which provided that, where a
plaintiff sues for a debt and makes affidavit that such
debt is just, due and unpaid, etc. (Rem. Code, § 680),
the word ''debt,'' there being similar to the word ''in-
debtedness'' in the attachment statute, would support
a writ of garnishment in an action for the recovery of
a judgment for the value of certain personal property
transferred by a party while insolvent and converted
to its own use by the transferee. In that case, the
writer of the opinion used this language:

''The true and underlying reason why a writ of at-
tachment or garnishment may not issue in certain cases
is because unliquidated damages are sought.''

From that statement, the relator infers that we ap-
ply that rule in all cases. That, doubtless, merely
referred to the rule underlying the holdings of the
courts of various jurisdictions where the statutes were
different from ours and were framed upon the theory
that ''To give a party the right to demand payment
or security for the claim he may hold against another
presupposes almost necessarily that his claim or de-
mand is either in fact ascertained and settled, or that
it may be approximated, at least, by fixing a value on
those things, or those services, which in every commu-

nity have some estimated marketable worth." 2 R. C. L. page 813, § 14. "And where the statute authorizes the issuance of a writ of attachment in any civil action for the recovery of money, it may issue in an action for the recovery of unliquidated damages." 2 R. C. L. 813, § 14; *Collins v. Stanley,* 15 Wyo. 282, 88 Pac. 620, 123 Am. St. 1022.

In many states an attachment can issue only in actions on contracts, express or implied. But in this state the statute simply provides that an attachment may issue in *any action.* The distinction between law and equity actions having been abolished by our code, we long ago held that attachment may issue in equity actions. *Bingham v. Keylor,* 19 Wash. 555, 53 Pac. 729.

Under a similar statute in Ohio, it was held in *Sturdevant v. Tuttle,* 22 Ohio St. 111, that an attachment would lie in a civil action for recovery of unliquidated damages for assault and battery; and that case was approved and followed in *Kirk v. Whitaker,* 22 Ohio St. 115, and in *Creasser v. Young,* 31 Ohio St. 57.

Our statute is as broad as the Ohio statute referred to in the cases cited. If unliquidated damages for assault and battery would sustain an attachment, we see no reason why unliquidated damages for alienation of affections where the plaintiff has made an affidavit that the amount sued for is justly due, specifying the amount thereof, will not also sustain attachment. Neither do we see any distinction between unliquidated damages for breach of contract, or for torts for the conversion of property, as constituting "indebtedness" or "debt," and unliquidated damages in such a case as this.

It may be noted that the statute (Rem. Code, § 652) requiring an attachment bond except in certain cases mentions "the claim, debt or obligation, *whether in*

*contract or tort,* upon which plaintiff's cause of action is based.''

Relator asks these questions: ''If the damages for alienation of affections will sustain an attachment, what will not? where is the limit? Is there any?''

Our answer is that the statute is broad and general. It sees fit to grant the right to a summary writ at the time of commencing any civil action for the recovery of money as ''an indebtedness due,'' for the seizure of property for the security of a judgment. It is perfectly competent and proper for the legislature to so provide. There may not be any limit, and it may be eminently just that there be none. At any rate, we have concluded that a civil action for the recovery of money in a certain stated amount, where the plaintiff makes affidavit that the defendant is a non-resident and that the money is due, over and above all just credits and offsets, will sustain an attachment of property under the statutes; and that such attachment of real property will establish the jurisdiction of the court over the property of the non-resident, and consequent jurisdiction of the person of the defendant.

For these reasons, the peremptory writ of prohibition is denied.

PARKER, C. J., FULLERTON, MACKINTOSH, and BRIDGES, JJ., concur.