JOSEPH W. HALLAM, Appellee, v. GEORGE W. FINCH, Appellant.

**DISMISSAL AND NONSUIT:** Involuntary—Reinstating Inadvertent
1  Dismissal. The court may, on its own motion, set aside the inadvertent dismissal of an action which was pending on objections to the report of the referee.

**HOMESTEAD:** Liabilities Enforcible Against—Prior Debts. The
2  statutory rule that a homestead may be sold "for debts contracted prior to the acquisition" of the homestead contemplates debts which become fixed obligations and subject to enforcement by legal process *prior to the acquisition of the homestead,* and not necessarily debts reduced to judgment prior to such acquisition.

*Appeal from Woodbury District Court.*—MILES W. NEWBY, Judge.

OCTOBER 23, 1923.

REHEARING DENIED FEBRUARY 8, 1924.

ACTION in equity, to subject certain property of the defendant, alleged by him to be a homestead, to the lien and satisfaction of a prior judgment entered in an action for accounting between the parties hereto. The equities were determined in favor of the plaintiff, and judgment was entered accordingly. Defendant appeals.—*Affirmed.*

*George W. Finch,* for appellant.

*J. W. Hallam* and *A. H. Bolton,* for appellee.

DE GRAFF, J.—A brief statement of the history of this case is necessary, to understand the propositions involved on this appeal. On April 25, 1919, a petition was filed by plaintiff

1. DISMISSAL AND NONSUIT: involuntary: reinstating inadvertent dismissal.

against the defendant, praying an accounting between them as partners. A referee was appointed, in conformity to Code Section 3735, and it was stipulated that either party might have time to procure a transcript of the evidence taken before the referee, prior to the hearing on the report of the referee, and that the referee should have sufficient time to prepare and file his report. On August 26, 1920, the cause was tried before the referee, and his report was subsequently filed. Under the findings, plaintiff was entitled to a judgment against the defendant in the sum of $1,431.25. It is conceded that an error of $50 in favor of plaintiff was made in the finding. On September 4, 1920, defendant filed objections to the report of the referee. Continuances were granted from time to time on the hearing of the report. Under a rule of practice of the district court, authorizing a dismissal when the petition has been on file two years and no satisfactory excuse for the delay in trial has been shown, the clerk noted the cause for dismissal, and on May 18, 1921, the cause was dismissed without prejudice, and the costs taxed to the plaintiff. The attention of the trial judge having been called to the situation, the judgment entry was set aside and vacated by the court on its own motion. The report of the referee, with objections, was then assigned for hearing. Defendant was notified of the time of hearing, but refused to appear; and on June 4th, the court reviewed the report of the referee, approved the findings, and entered judgment upon said finding in favor of plaintiff on June 8, 1921. From this judgment, defendant served notice of appeal to the Supreme Court of Iowa, but subsequently the appeal was abandoned. Thereafter, an execution was issued on the judgment entered, and was returned *nulla bona*. Plaintiff then instituted this action, to subject certain property of the defendant to the lien of the judgment. It is the claim of defendant that the property sought to be so subjected is his homestead. The cause proceeded to trial, and the court determined that the property was subject to the lien of the judgment, and ordered the same sold. It is from this finding and judgment that the instant appeal is prosecuted.

It is the contention of the defendant-appellant that he has a meritorious defense to the original action; but we are not

justified on this appeal to enter upon the determination of this question, as the merits of the cause in which the prior judgment was entered are not in issue here. We first determine whether the trial court properly set aside the dismissal of the original action on its own motion. The presumption of regularity is properly invoked and applied under the facts of this case. Furthermore, with or without a statute, a court has undoubtedly inherent power to correct its own records during the term, and to set aside, modify, or expunge any order, decree, or judgment; and the power exists until adjournment *sine die*. *Todhunter v. De Graff*, 164 Iowa 567, 575.

The defendant was not precluded from appearing on the date of the hearing of the referee's report. He refused to appear, although duly notified. It may not be said that the cause was pending for trial at the time of the dismissal. It had been tried and the finding had been filed. The finding of a referee is similar to the verdict of a jury or a finding by the court, although the referee is not the court. Code Section 3740 provides:

"The report of the referee on the whole issue must state the facts thus found and the conclusions of the law separately, and shall stand as the finding of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court; the report may be excepted to and reviewed in like manner."

At the stage of the proceeding when the petition was dismissed, the cause stood as though it had been tried to the court, taken under advisement, and judgment was to be entered when convenient to the court. It is clear that this cause was dismissed through inadvertence or mistake. Clearly in this case the court had the right to do on its own motion what it might have done on the motion of a party in interest, especially so in curing its own error. We discover no merit in the contention of appellant on this phase of the case.

We now pass to the proposition whether the judgment was based on a debt antedating the acquisition of the claimed homestead, which was acquired on February 5, 1920. The statute

2. HOMESTEAD: liabilities enforcible against: prior debts.

contemplates a debt that is a fixed obligation and subject to enforcement by legal process. In the instant case, the facts disclose that there

was an amount due and owing by the defendant to the plaintiff prior to February 5, 1920. The mere fact that the amount of the debt was denied by the adverse party, or that, under the pleadings, an accounting was necessary, to ascertain the quantum of indebtedness, does not change the fact that an indebtedness existed prior to the accounting. *Hansen v. Morris,* 87 Iowa 303. It is well established that a homestead is liable to sale for debts contracted prior to its acquisition, provided no other property is found subject to execution; and the party claiming exemption because other property has not been exhausted, has the burden of proving that fact. This the appellant failed to establish.

The action in accounting was commenced April 25, 1919, for recovery of money alleged to be owing in January, 1919; and the finding of the referee determined that the debt was owing on the date aforesaid. The date of entry of judgment is not material, nor is the filing of the referee's report. When did the appellant become liable to appellee? On that date, action could have been commenced. At that time, there was a fixed obligation, subject to be legally enforced.

Upon the whole record, we conclude that the contentions of appellee must prevail. Wherefore the judgment entered is— *Affirmed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.