For plaintiff: Quinn, Kernan & Quinn.

For defendants: Fred B. Perkins.

Susan L. Marsh, et al.
vs. }Eq. No. 11344.
Richard S. Moore, et als.

### March 4, 1932.

BAKER, J. Heard on motion to quash writ and vacate attachment.

In this proceeding the Court has before it for consideration the sworn bill of complaint and affidavits relating to the attachment in question.

It is clear that attachment is a proceeding governed entirely by statute. In many States no provision whatever is made for the use of writs of attachment in equity proceedings, but in this State we have a statute permitting such attachments to be made.

Chap. 349, Sec. 27, Gen. Laws 1923.

The contention of the complainants is that the language in the first part of this section is broad enough to permit the attachment in the matter before the Court. The clause in question is substantially as follows: "* * * and the Court, in its discretion, if the cause be of such a nature that an attachment of property be for the proper security of the complainant, shall * * * enter an order granting a writ of attachment."

The respondents, however, urge that certain phrases used in the latter portion of the section in question limit

the power of the Court in an equity proceeding to the granting of a writ of attachment in such cases as a writ would issue in an action at law. The phrases in question are: "* * * like a writ of attachment at law * * * and * * * shall be served in like manner and be subject to like incidents as a writ of attachment at law * * *."

The respondents in support of their claim call the attention of the Court to two cases:

> *Mainz* vs. *Lederer*, 24 R. I. 23, and *Acme Fin. Co.* vs. *Greenville Fin. Co.*, 4 Superior Court Rescripts 746.

The first of these cases was an action at law in assumpsit for breach of promise of marriage and the Court granted a motion to dissolve an attachment by mesne process. The general rule was laid down, in discussing attachments in actions at law, that to warrant an attachment the cause of action should be based upon a contract where the damages, although unliquidated, are susceptible of estimation and determination by a jury under the ordinary and well understood commercial and business rules which apply to contracts proper.

The Court then held that while an action for breach of promise was in form based on contract, it actually sounded in tort and the damages could not be measured by any commercial or business standard but rested almost absolutely in the judgment of the jury.

It seems to the Court that this case is not particularly in point in connection with the question now before it, which deals with an attachment under the statute in an equity proceeding.

In the second of the above cases, there is language used which tends to support the respondents' claim in this case although the decision itself was apparently based on another ground.

The complainants refer to the Court a decision which deals with the sec-

tion of the General Laws under consideration.

> *Ladd et al.* vs. *Franklin Loan & Trust Co*, 24 R. I. 311.

Here the Court had under consideration the phrases in the latter part of Section 27 upon which the respondents rely, and it says: "* * * and the general provisions, 'like a writ of attachment at law,' and 'subject to like incidents as a writ of attachment at law,' were not intended, in our opinion, to include a duplication of affidavits, but the more substantial likeness and incidents relating to the effect and service of the writ."

The respondents urge that this language is broad enough to carry the meaning that writs of attachment should not issue in an equity proceeding unless they can be issued in a law case. The complainants, however, contend that, as the Court says, the language of the statute relates merely to the effect and service of the writ and has nothing to do with the grounds upon which the writ of attachment may issue, and argues that the latter part of the section does not limit or curtail the broad powers given the Court in the early portion of this section.

After considering this question with care, the Court is of the opinion that the complainants' claim is the correct one. The Court believes that it was the intention to give it discretion to issue a writ of attachment in an equity matter if the cause was of such a nature that the complainants needed one for proper security. The Court does not think that it was the intention by the use of the language in the latter part of the section to limit this discretion as the respondents contend, but that such language, as the Court has said, relates merely to the effect and service of the writ.

If it should be considered, however, that under the statute attachments in

equity proceedings are properly issued only when such attachments could be issued at law, it seems to the Court that the general scope of the bill before it is broad enough to support an attachment.

The principal relief asked for is that of accounting and the possible recovery of property. Incidental to that, certain injunctions and the voiding or annulling of certain instruments are prayed for.

It seems to the Court that the matter of accounting is something that is susceptible of estimation and determination under ordinary and well understood commercial and business rules.

*Turner* vs. *Schwarz*, 140 Md. 465; *Curry* vs. *Allen*, 55 Ia. 318.

The respondents have called the Court's attention to the case of *Thorington* vs. *Merrick*, 101 N. Y. 5. In that case the Court declined to change an order of the Court below in vacating an attachment in an equity proceeding relating to a trust and an accounting. In general the case supports the respondents' position that an attachment should not issue. It should be noted, however, first, that the Court felt itself governed by provisions of the New York code which apparently provided that the affidavits should state that a certain specific sum was due, which had not been done; and, secondly, that the order of the court below was entirely discretionary and was not reviewable.

For these reasons the case seems distinguishable.

The Court has given some thought to the question as to whether any portion of the attachments against any of the several respondents ought to be vacated or released. In view of the very broad scope of the sworn bill and the affidavits presented upon which the attachment order was made, the Court has, after careful consideration, been unable to differentiate between the several respondents involved or to se-

lect any specific portion of the attached property which it might be proper to release.

For the reasons above indicated, the motion to quash the writ and vacate the attachment is denied.

For complainant: Philip C. Joslin.
For respondent: Boss & McMahon.