[No. 30911. Department One. June 9, 1949.]

FRED BUOB, *Appellant*, v. NORMAN OCHS, *Respondent*.[1]

*Donald L. Burcham*, for appellant.

*LaFollette & Savage*, for respondent.

MALLERY, J.—This is an appeal from an order quashing a writ of attachment issued in an action for damages arising out of an automobile accident. The affidavit in support of the writ of attachment was not controverted, and the matter comes here as a pure question of law.

The motion to quash the writ was upon the ground that a writ of attachment may not issue in a tort action.

Rem. Rev. Stat., §§ 647, 648 [P.P.C. §§ 11-1, -3], read as follows:

"§ 647. *Attachment—Time for granting*. The plaintiff at the time of commencing an action, or at any time afterward before judgment, may have the property of the defendant, or that of any one or more of several defendants, attached in the manner hereinafter prescribed, as security for the satisfaction of such judgment as he may recover. [L. '86, p. 39, § 1; 2 H. C., § 288.]"

"§ 648. *Issuance of writ, affidavit for—Grounds*. The writ of attachment shall be issued by the clerk of the court in which the action is pending; but before such writ of attachment shall issue, the plaintiff, or someone in his behalf, shall make and file with such clerk an affidavit showing that

[1] Reported in 207 P. (2d) 189.

the defendant is *indebted* to the plaintiff (specifying the amount of such *indebtedness* over and above all just credits and offsets), and that the attachment is not sought and the action is not prosecuted to hinder, delay, or defraud any creditor of the defendant, and either,—

"1. That the defendant is a foreign corporation; or

"2. That the defendant is not a resident of this state; or

"3. That the defendant conceals himself so that the ordinary process of law cannot be served upon him; or

"4. That the defendant has absconded or absented himself from his usual place of abode in this state, so that the ordinary process of law cannot be served upon him; or

"5. That the defendant has removed or is about to remove any of his property from this state, with intent to delay or defraud his creditors; or

"6. That the defendant has assigned, secreted, or disposed of, or is about to assign, secrete, or dispose of, any of his property, with intent to delay or defraud his creditors; or

"7. That the defendant is about to convert his property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors; or

"8. That the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought; or

"9. That the damages for which the action is brought are for injuries arising from the commission of some felony, or for the seduction of some female; or

"10. That the object for which the action is brought is to recover on a contract, express or implied. [L. '23, p. 514, § 1, '86, p. 39, § 2, 2 H. C., § 289.]" (Italics ours.)

It will be noted that three allegations are required to support a writ of attachment. The first part of Rem. Rev. Stat., § 648, requires the allegation of an indebtedness and that it is not sought to hinder, delay, or defraud any creditor of the defendant. For the third necessary allegation, there is a choice of any one of the ten subheadings of the section. In the instant case affiant alleged the substance of subsection 7.

Respondent contends that the writ of attachment does not lie in a tort action because the parties do not stand in the relationship of creditor and debtor; and, since the amount of damage prayed for is not liquidated, there is no

debt, but only a claim for damages. His contention as to the meaning of the word "indebted" as used in the statute would be very persuasive had this court not construed its meaning in prior decisions. We held in *Bingham v. Keylor,* 19 Wash. 555, 53 Pac. 729, that the writ could issue in an equitable action for an accounting, and in *State ex rel. Getzelman v. Superior Court,* 93 Wash. 98, 159 Pac. 1193, that the claim need not be liquidated and could be based upon a breach of warranty of a deed. In *State ex rel. Boyer v. Superior Court,* 115 Wash. 359, 197 Pac. 321, we held that the writ could issue in an action for alienation of affections, which, of course, prayed for unliquidated damages. Therein we said:

"Relator asks these questions: 'If the damages for alienation of affections will sustain an attachment, what will not? where is the limit? Is there any?'

"Our answer is that the statute is broad and general. It sees fit to grant the right to a summary writ at the time of commencing any civil action for the recovery of money as 'an indebtedness due,' for the seizure of property for the security of a judgment. It is perfectly competent and proper for the legislature to so provide. There may not be any limit, and it may be eminently just that there be none."

With reference to this case, we said in the later case of *Bassett v. McCarty,* 3 Wn. (2d) 488, 101 P. (2d) 575:

"In the last case cited, this court went to the extent of holding that an attachment may issue in *any* action wherein the proper statutory affidavit had been made, and that no distinction was to be drawn, in attachment proceedings, between unliquidated damages for breach of contract and *unliquidated damages for a tort.*" (Italics ours.)

As recently as *Armstrong v. May, ante* p. 112, 204 P. (2d) 510, this court said:

"On April 6, 1946, Mrs. Armstrong commenced an action in the superior court of Kitsap county against Clarence Cheplak and wife, alleging a partnership in the business of the Diamond Taxicab Company, and alleging that the defendant was threatening to dispose of the partnership assets, and asking for an *injunction* and an *accounting.*

"Here, the respondent, when she commenced her suit against Cheplak, could have protected herself against sub-

sequent purchasers or encumbrancers of the taxicab business by attaching the property which was the subject matter of the suit. Such action would have been notice to all the world that she claimed an interest in the property. Having failed to do so, she cannot now be heard to say that the appellant had notice of her claim." (Italics ours.)

We are aware that in many states attachments may not be issued in tort cases, equity cases, or for unliquidated claims; but that is not the rule in Washington, and however appealing respondent's argument is as to the proper meaning of the word "indebtedness," we cannot now reach his conclusion without evading the effect of our prior decisions.

The order quashing the writ of attachment is reversed.

JEFFERS, C. J., BEALS, STEINERT, and HILL, JJ., concur.