Howell v. Duke.

## HOWELL v. DUKE.

1. ADMINISTRATION: *Rights of creditors against heirs and their vendees. Marshalling.*

   An heir or devisee takes the estate subject to the debts of the deceased and can transfer to another no greater right than he himself possesses; and lands sold by him to others may be sold by the Probate Court for the payment of the debts of the deceased. But if there be other lands of the estate the purchaser has an equity to have the assets marshalled and the burden placed where it should equitably rest.

2. MARSHALLING:

   When one party has a lien on or interest in two estates and another has a lien on or interest in one of them only, the latter may confine the former to that estate which he can not reach, if that be necessary to adjust the rights of both, and can be done without prejudice to him who holds the double security.

APPEAL from *Pope* Circuit Court.

Hon. W. D. JACOWAY, Circuit Court.

*E. H. Howell, pro se.*

Howell v. Duke.

Appellant was entitled to compel the Administrator to resort to the unsold lands to pay the debts, before subjecting those purchased by him.    A Court of Equity has jurisdiction to marshall assets, or enjoin a sale which would cast a cloud on title, and having taken jurisdiction for one purpose, will determine all matters in controversy arising out of the subject matter of the suit.

SMITH, J.    John B. Caldwell, died in Pope county in the year 1870, seized of 270 acres of land, all of which he devised to his son. Moses H., besides bequeathing to him the greater part of·his personal estate.    The will was proved and Moses qualified as Executor.    He seems to have neglected one very important duty of an Executor, viz: to pay the debts of his testator.    For we find that his successor in the administration—the present appellee —applied to and obtained from the Probate Court license to sell these lands upon a petition suggesting that the personalty of the deceased had been squandered and his debts had been left unprovided for.

It further appears that Moses had in 1876 mortgaged 130 acres of the land to secure his own private debt; that this mortgage had afterwards been regularly foreclosed by a decree of the Pope Circuit Court, and that at a Commissioner's sale had in pursuance of said decree Howell, the appellant, had purchased the mortgaged premises and was now in possession of the same.

Howell seeks to enjoin the sale of this tract of one hundred and thirty acres upon the ground that the remaining ·one hundred and forty acres are amply sufficient to satisfy all the debts of John B. Caldwell, and such a sale would cast a cloud upon his title.    Upon demurrer the Circuit Court dismissed his bill.

An heir or devisee takes the estate subject to the debts of his ancestor or testator; and he can transfer to another no greater right or interest than he himself possesses.    Howell, by virtue of his purchase, takes the land

1. ADMINISTRATOR : Rights of creditors against heirs and their vendees of lands,

subject to all the liabilities, and he is clothed with all the rights which attached to it in the hands of Moses.

Marshaling.     All the lands of the testator,may be sold, if they are required, to pay his debts.  But Howell, who has acquired the devisee's title to a part of the lands, has an equity to have the assets marshalled so as to place the burden where it must ultimately rest, namely, upon such of the lands as the devisee has not alienated.

"Where one party has a lien on or interest in two estates and another has a lien on or interest in one of those estates only, the latter is entitled to throw the former upon that estate which he cannot reach, if that be necessary to adjust the rights of both parties and can be done without prejudice to him who holds the double security. In administering these equities, the Court does not assume to divest or postpone incumbrance, but simply to so apply and limit it, that equal justice may be done to all concerned in the fund to which it attaches." *Agricultural Bank v. Pallen*, 1 *Freeman, Ch.* 419 ; 8 *Smedes & Marshall*, 337 ; *Terry v. Roselle*, 32 *Ark.*, 478.

Thus, if a judgment is rendered, which is a lien on the defendant's land and he sells and conveys part of it, the judgment creditor ought and indeed may be compelled to proceed in the first instance against the unsold portion.  *Mevey's Appeal*, 4 *Barr*, 80 ;  *In re McGill*, 6 *Id.* 504 ;  *Chapin v. Williams*, 9 *Id.* 341 ;  *James v. Hubbard*, 1 *Paige*, 228 ;  *Watson v. Bain*, 7 *Maryland*, 117 ;  *Gill v. Lyon*, 1 *Johnson, Ch'y.*, 447 ; *Clowes v. Dickinson*, 5 *Id.* 235 ; *S. C.*, 9 *Cowen*, 403.

The decree below is reversed and the cause remanded with directions to overrule the demurrer to the bill.