BAGLEY *v.* WEAVER.

Opinion delivered December 5, 1903.

1. PLEADING—DEMURRER TO WHOLE COMPLAINT.—If either paragraph of a complaint state a cause of action, a demurrer to the whole complaint should be overruled. (Page 31.)

2. MARSHALING OF ASSETS—LIENS.—Where a party has a prior lien upon two funds, and another party has a subsequent lien upon one of them, the party having the prior lien will be compelled in equity first to exhaust the fund upon which the other party has no lien. (Page 31.)

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

Affirmed.

Action by E. O. Bagley, as administrator of the estate of Paul Bagley, deceased, against Sarah Weaver and two others. The facts are stated by the court as follows:

The complaint states that Paul Bagley, in his lifetime, bought from appellee Sarah F. Weaver the west half of the northeast quarter and the east half of the northwest quarter of section 30 in township 13 south, range 28 west, in Little River county, Arkansas, and paid therefor $165 in cash, and received a warranty deed therefor, dated 26th February, 1901, which was duly filed for record two days afterwards; that he made diligent search of the records before purchasing, which showed title in Mrs. Weaver to said lands, and no incumbrances thereon, and that Mrs. Weaver, his vendor, assured him that she had never sold or mortgaged said lands; and that afterwards appellant discovered, in the office of A. Goldsmith, what purported to be a valid mortgage, executed by appellees Weaver and Nichols on these lands, and recorded, as it appears, on the 3d day of April, 1899, in Record Book V, 421, in the office of the recorder of Little River county. It was executed to one W. J. Cotter, who has assigned the same to said Goldsmith. It also included other property as follows, southwest quarter of southeast quarter, section 31, township 13 south, range 28 west, in Little River county, four mules, two horses, two wagons, gear and chains, steam engine and boiler, one cotton press and gin stand, and running gear for same, four stock cattle, one saw mill complete, one grist mill and the crops for 1899; and was given to secure $250 and supplies to be furnished to Nichols. The complaint further alleged that said mortgage was not executed and recorded in manner and form as prescribed by law, etc. The prayer of the complaint is that said mortgage be canceled as a cloud upon the title of complainant, and, in case this could not be done, that the other property in said mortgage be first subjected to payment of the amount due thereon, or that he have judgment against said Weaver and Nichols, under sections 1578 and 1579, Sandels & Hill's Digest.

To this complaint a general demurrer was sustained, and the complaint dismissed. From this judgment of dismissal the complainant appealed.

*Ratcliffe & Fletcher,* for appellant.

It was error to sustain the general demurrer if any part of the complaint stated a cause of action. 32 Ark. 131; 37 Ark. 34.

Appellant was entitled to have the property not included in his deed sold first. Story's Eq., § 633; 31 Ark. 203; 32 Ark. 478; 38 Ark. 167; 40 Ark. 102.

HUGHES J. (after stating the facts.) If any cause of action was stated in the complaint, the demurrer should have been overruled. A demurrer to the whole complaint, if either paragraph states a cause of action, should be overruled. *Cairo & F. Rd. Co. v. Parks,* 32 Ark. 131; *Warner v. Capps,* 37 Ark. 34.

This was a complaint for the marshaling of assets. The appellant stated that he bought and paid cash for land, and that another party had a mortgage on the same land and various other property, which he alleged was sufficient to pay the amount for which it was mortgaged, and prayed that this property mortgaged, other than that which he had bought and paid for, should be first sold to pay the amount due upon the mortgage. This should have been done. It would have been inequitable to sell the property bought by complainant to satisfy the amount due upon the mortgage upon it and other property included in the mortgage without first exhausting that upon which the appellant had no lien or claim. "Where a party has a lien upon two funds, and another party has a lien upon one of them, the party having the lien upon both may be compelled to first exhaust that upon which the other party has no lien. If this satisfies his debt, the other party is afforded an opportunity to be protected in his demand. This could work no injustice, and would afford protection to the one having rights that could not be otherwise protected. 1 Story, Eq. Jurisprudence, § 633; *Marr v. Lewis,* 31 Ark. 203; *Terry v. Rosell,* 32 Ark. 478; *Bourland v. Wittich,* 38 Ark. 167; *Howell v. Duke,* 40 Ark. 102.

Reversed and remanded, with directions to overrule the demurrer.