## ADAMS *v.* WOODS.

### Opinion delivered April 30, 1917.

1. ACTIONS—PARTIES—NOTICE.—A partition suit was brought and appellant was named as party plaintiff with others; although he had not authorized the suit, he will be estopped to assert that the decree and sale were void, where he learned of the pendency of the action, in ample time, and acquiesced in its prosecution.

2. COMMISSIONER'S SALE—OBLIGATION OF PURCHASER—CO-TENANCY.— Land was sold at a commissioner's sale, and the interest of one of the plaintiffs purchased by one W. *Held,* the fact that W. was an attorney, and represented his own interests, did not impose upon him any duty with reference to his co-tenants.

Appeal from Marion Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

*Williams & Seawell,* for appellant.

1. The original suit was instituted and the name of J. G. Adams was used as party plaintiff without his knowledge or consent, and the decree and sale made without notice to him are void. Kirby's Digest, § 4424; 71 Ark. 318; 69 *Id.* 587; 2 S. W. 195; 4 Cyc. 927; 23 *Id.* 683. Mere knowledge of the suit is not sufficient. 4 C. J. 1330.

2. Woods' assumed relation as attorney precluded him from purchasing at the sale and he should have been declared a trustee as to appellant's interest. 30 Ark. 44; 33 *Id.* 575; 42 *Id.* 25; 54 *Id.* 627; 90 *Id.* 166.

3. If Woods be held a trustee, his grantee is chargeable with notice and holds title subject to the equities of appellant. 103 Ark. 425-9; 50 *Id.* 323. A trustee can not deal with the trust property for his own benefit. 32 Ark. 56; 67 *Id.* 340; 40 *Id.* 393; 41 *Id.* 104.

4. No laches can be charged to appellant. 73 Ark. 575.

*S. W. Woods,* for appellee.

1. Woods never represented appellant as attorney; he appeared in his own behalf.

2. Appellant authorized the suit and ratified it after it was brought in such manner as to bind him. The findings of the chancellor are not clearly against the testimony and this court will not disturb them. 89 Ark. 309; 104 *Id.* 9; 73 *Id.* 489.

3. If the court should find that Woods acted as attorney for appellant, and that his purchase was in trust, still his purchase was not void, but voidable only, and before appellant can recover he must offer to do equity. 87 Ark. 232; 75 *Id.* 40; 2 R. C. L. 972, § 48; 56 Miss. 541.

4. Appellant's claim is stale. He had full knowledge of the suit, sale and purpose of the suit, and is estopped. 87 Ark. 232; 75 *Id.* 40; 103 *Id.* 484; 60 *Id.* 50; 55 *Id.* 85; 2 R. C. L. 972; 10 *Id.* 395-7.

5. Even if Woods was a trustee, appellant can not recover, for Millard was a purchaser for value, *bona fide* and without notice. 122 Ark. 445.

McCULLOCH, C. J. Appellant, J. G. Adams, instituted this action in the chancery court of Marion County to set aside a former decree of that court for the partition and sale of a certain tract of land, and also to cancel a sale of the land made by the commissioner of the court pursuant to that decree.

Appellee, S. W. Woods, was the purchaser under the decree, and subsequently sold an interest in the land to appellee Millard, and both of them were made parties defendant in the present action.

The tract of land contains 40 acres and was originally owned by the heirs of Lynn Adams, but at the time the partition suit was instituted the land was owned by John Q. Adams, J. G. Adams, G. W. Wickersham, Homer Hudson, Marvin Gilley and Ella Gilley. John Q. Adams owned an undivided one-third of the tract, being one of the heirs of Lynn Adams, and having purchased the shares of two other heirs. J. G. Adams was one of the heirs of Lynn Adams and owned an undivided one-ninth of the land by inheritance. G. W. Wickersham owned an undivided one-third by purchase of the shares of three of the Lynn Adams heirs. Homer Hudson owned an undivided one-ninth as one of the heirs of Lynn Adams, and the other one-ninth interest was owned by Marvin and Ella Gilley, two of the heirs. The partition suit was instituted in the name of John Q. Adams, J. G Adams and G. W. Wickersham on January 15, 1903, by an attorney who was employed by John Q. Adams and Wickersham. The contention in the present case is that appellant J. G. Adams did not authorize the employment of the attorney or the use of his name as plaintiff, and that he was not apprised of the fact that he had been made a party to the suit. The other owners, Homer Hudson and Marvin and Ella Gilley, were made defendants in the original action.

The chancery court, at the February term, 1903, rendered a decree for the sale of the land for partition and directed a sale, but fixed a minimum price. There was no sale made under that order, and the case remained on the docket until there was a sale under a new order reducing the minimum price in the year 1911. During the pendency of the action and before the sale, appellee, S. W. Woods, purchased the undivided one-third of John Q. Adams, one of the plaintiffs in the original action, and he appeared before the court asking for a renewed order

of sale at a reduced minimum price. The order was made and at the sale Woods purchased the land and the commissioner executed a deed to him which was done by order of the court on June 5, 1911. After Woods sold to Millard, improvements in the way of developments of the land as mineral land were begun, and there was considerable advance in value on that account prior to the institution of the present suit. The case was heard by the chancellor upon the evidence adduced, and there was a decree dismissing the complaint for want of equity.

(1) Conceding that the original suit for partition was instituted without authority from appellant, there is abundant evidence in the record establishing the fact that during the pendency of the action appellant was apprised of its pendency and acquiesced in its prosecution. At any rate, he took no steps to repudiate or discontinue the action which he knew was being prosecuted in his behalf as one of the plaintiffs. Under those circumstances, he is estopped, after the decree and sale of the land, to claim that the decree is void because he had not authorized the institution of the suit.

(2) It is next insisted that Woods should be held to account as trustee for the reason that he was an attorney at law and appeared in the action for the purpose of procuring the order of sale. The answer to that contention is that Woods did not appear as attorney in the action, but as one of the litigants. He was not the attorney who instituted the action originally, but he purchased the interest of John Q. Adams, one of the plaintiffs, and thereafter appeared in his own behalf. He was merely one of the tenants in common and owed no duty to his cotenants with respect to the sale of the land. In other words, he had a perfect right to buy at the commissioner's sale, and the fact that he was an attorney at law who represented his own interest afforded no reason why he should be held as trustee for the other owners.

There was no equity in the complaint and the chancery court was correct in dismissing it.

Affirmed.

HUMPHREYS, J., not participating.