Carl *v.* Elizabeth Hospital.

4-6830                              164 S. W. 2d 432

Opinion delivered July 13, 1942.

*C. D. Atkinson, Chas. W. Atkinson* and *John Mayes,* for appellant.

*Clifton Wade* and *J. Frank Holmes,* for appellee.

HUMPHREYS, J. This is an appeal by appellant as sole heir at law, and administratrix of the estate of John Lewis Robbins, deceased, from a judgment of the probate court of Washington county that lands particularly described in the agreed statement of facts hereinafter set out in full are subject to sale to pay debts of the deceased before resorting to the only other lands owned by deceased in said county and which are particularly described in said agreed statement of facts.

This judgment was rendered on the 31st day of March, 1942, upon a stipulation of facts by the parties, which stipulation was embodied in the judgment as findings of the court, and which stipulation is as follows:

### "Stipulations

"It is agreed and stipulated in open court by and between Elizabeth Hospital, petitioner, and Jimmie Maxie Carl, administratrix of the estate of John Lewis Robbins, deceased, and Jimmie Maxie Carl, heir at law of said deceased, intervener herein, that said John Lewis Robbins, late a resident of Washington county, Arkansas, died intestate in said county on the 6th day of April, 1940,

leaving no widow and no children surviving and leaving as his sole heir at law by declaration of deceased, Jimmie Maxie Carl, intervener.

"Said deceased was the head of a family, at the time of his death, he owned and resided upon and occupied as his homestead the following described tract of land in said county, to-wit:

" 'The southeast quarter of the northeast quarter and a tract forty-five rods in width off of the east side of the southwest quarter of the northeast quarter and the northwest quarter of the southeast quarter of section No. 16; also the north half of the northeast quarter of the southeast quarter of said section No. 16, all in township No. 14 north, range No. 31 west of the 5th p. m. containing less than 160 acres and of a value less than $2,500, which tract of real estate will be referred to hereafter as tract No. 1.'

"Said deceased, at the time of his death, owned also the following described tract of land in Washington county, Arkansas, to-wit: 'Part of the east half of the northwest quarter of section No. 23, township No. 15 north, range No. 32 west of the 5th p. m. bounded as follows: beginning seventeen rods west and fifty rods and thirteen feet south of the northeast corner of said east half of northwest quarter aforesaid and running thence south 105.2 rods; thence north 60.5 degrees east, 17 rods to the east line of said subdivision; thence south 16 rods to the southeast corner of subdivision; thence west 54.72 rods; thence north 37.92 rods; thence west 25.28 rods; thence north 71.3 rods; thence east 63 rods to the point of beginning. Also part of the northeast quarter of the southwest quarter of section No. 23, bounded as follows: beginning at the northeast corner of said subdivision and running thence west 7.66 chains; thence south 1.76 chains; thence east 7.66 chains; thence north 1.76 chains to the place of beginning, subject to a roadway twenty feet in width off the east end of the last described tract, which tract of real estate will be referred to hereafter as tract No. 2.'

"Said deceased also left $106.70 in money and personal property which has been sold by said administratrix under an order of this court for $253.

"Claims against the estate of said deceased have been filed and allowed by the court in the sum of $598.12 and it is necessary to sell lands of said estate for the payment of debts of deceased.

"Jimmie Maxie Carl was duly appointed as administratrix of the estate of said deceased on the 29th day of April, 1940, by this court, and is now the duly qualified and acting administratrix of said estate.

"The petitioner, Elizabeth Hospital of Prairie Grove, Ark., was one of the creditors of said deceased, and made written demand by registered mail upon the said administratrix for the sale of tract No. 1 of said real estate for the purpose of paying debts of said deceased; on failure of said administratrix to do so, notice of application to sell said lands to pay debts was published in the form and manner prescribed by law by said creditor and pursuant to the said notice said creditor filed its petition; that thereafter said administratrix filed answer to the petition of said creditor and her application to sell tract No. 2 for the purpose of paying debts, and the said Jimmie Maxie Carl, heir at law, filed an answer and intervention claiming that tract No. 1 was her homestead and that it should not be sold to pay debts until the said tract No. 2 had been sold.

"Said Jimmie Maxie Carl, heir at law of said deceased, at the time of the death of said deceased, was above 21 years of age; was a married woman and living with her husband, and they had been living with said deceased on tract No. 1 of said real estate for more than one month prior to the death of deceased; Jimmie Maxie Carl and her husband owned no real estate and had no other homestead at said time and she claimed and still claims said real estate as her homestead and she and her husband are still living thereon.

"On the 5th day of April, 1940, the said Jimmie Maxie Carl filed a voluntary petition in the district court of the United States, Western District of Arkansas, Fort

Smith Division, and on said date she was adjudged a bankrupt; that in her schedules, she listed no assets and only one creditor, the Farmers & Merchants Bank of Prairie Grove; that thereafter on the 19th day of April, 1940, she filed an amendment to her schedules listing all of above described real estate and claiming tract No. 1 thereof as her homestead and said court set off the same to her as her homestead.

"Said Farmers & Merchants Bank made proof of its claim in said bankruptcy proceeding based upon a judgment and decree of the chancery court of Washington county, rendered on April 1, 1932, for $3,373.71 and for foreclosure of mortgage upon debtor's property which was sold for $1,200 under said decree, and which sale was approved by said court on May 19, 1932; said judgment never had been revived.

"On August 20, 1940, the trustee in bankruptcy, in consideration of $800, sold to Farmers & Merchants Bank of Prairie Grove, and by deed dated October 29, 1940, conveyed to it, all of the right, title and interest of said bankrupt in and to the tract of land No. 2 hereinbefore described, under an order of the referee in bankruptcy, which deed is recorded in Washington county Deed Record 319 at p. 110.

"Tract No. 1 of said real estate lies wholly outside of any city, town or village and was appraised at $1,750 and tract No. 2 was appraised at $1,000, and this stipulation contains all of the facts upon which said matter shall be tried and decided."

Immediately following this stipulation the judgment recites and declares as follows: "And said stipulation of facts being all of the evidence considered by the court in the trial of said case, and the court having fully considered the same and being well advised in the premises, finds the law to be: 'That the lands described in the petition of Elizabeth Hospital, being tract No. 1 above described and which are claimed as the homestead of Jimmie Maxie Carl, intervener, are subject to sale to pay debts of the deceased and should be sold by the administratrix before resorting to tract No. 2 which is the only

other lands of said deceased which have been heretofore sold by virtue of an order of the bankruptcy court to pay the individual debt of the heir, Jimmie Maxie Carl, and the prayer of Elizabeth Hospital should be granted and the prayer of the petition of the administratrix and the prayer of the intervener should be denied.

" 'Therefore it is ordered and adjudged by the court that the said administratrix sell a sufficient amount of the lands of said deceased, to-wit: the southeast quarter of the northeast quarter and a tract forty-five rods in width off of the east side of the southwest quarter of the northeast quarter and northwest quarter of southeast quarter; also the north half of northeast quarter of southeast quarter of section No. 16, all in township No. 14 north, range No. 31 west of the 5th p. m. in Washington county, Arkansas, to pay the debts probated against said estate and from the proceeds of such sale, pay said debts and the costs and expenses of administration.' "

The judgment then provides for the manner in which the lands shall be sold.

According to the agreed statement of facts, deceased occupied tract No. 1 as his homestead at the time of his death. He left no widow or minor children. He was survived by Jimmie Maxie Carl, a married woman over 21 years of age, who, with her husband, had been living with him about a month before he died. Jimmie Maxie Carl inherited his estate by virtue of a declaration of heirship previously made by him. She acquired no homestead right in any of the lands owned by her foster father at the time of his death, but inherited the title thereto in fee by inheritance subject to the payment of his debts as there was insufficient personal property to pay them. The day before her foster father died, appellant, Jimmie Maxie Carl, filed a voluntary petition in bankruptcy in the district court of the United States, Western District of Arkansas, Fort Smith Division, and on said date she was adjudged bankrupt. In her schedules she listed no assets and only one creditor, the Farmers & Merchants Bank of Prairie Grove. On the 19th day of April, 1940, she filed an amendment to her schedules listing tract No. 1 and tract No. 2 as assets and in the bankruptcy pro-

ceedings claimed tract No. 1 as her homestead and the court set off same to her as a homestead, but she, without question, permitted her sole creditor, the Farmers & Merchants Bank of Prairie Grove, to make proof of its claim and to sell same through the trustee to apply on her individual debt. Tract No. 2 was subsequently sold in the bankruptcy proceedings to apply on her individual debt and the trustee made a deed to tract No. 2 to her sole individual creditor, the Farmers & Merchants Bank of Prairie Grove.

The creditors of deceased were not parties to the bankruptcy proceedings and were not bound in any way by the action of the bankruptcy court in setting off tract No. 1 to appellant as a homestead.

The result of appellant's voluntary proceedings in bankruptcy amounted to an alienation of tract No. 2 by her in settlement of her individual debt.

The rule of law applicable to the facts found by the probate court in the instant case is that an heir who inherits the lands of a deceased subject to the payment of the debts of the deceased, if the personal property of the deceased is insufficient to pay said debts, the heir may transfer or dispose of the lands subject to the payment of the debts, but that the lands remaining in the possession of the heir and not alienated by him should be first exhausted in the payment of decedent's debts.

The principle of law thus announced was applied in the case of *Howell* v. *Duke,* 40 Ark. 102. The only material difference between the instant case and the case cited is that in the instant case tract No. 2 was alienated by appellant, who inherited both the tracts subject to the debts of the deceased, whereas, in the case cited, the devisee mortgaged a part of the land, which mortgage was subsequently foreclosed to pay the debt of the heir secured by the mortgage. We think, therefore, the instant case is ruled in principle by the case of *Howell* v. *Duke, supra.*

No error appearing, the judgment is affirmed.