SHEPHERD *v.* KERR.

5-3634                                              395 S. W. 2d 11

Opinion delivered November 1, 1965.

*Giles Dearing,* for appellant.

*James Robertson,* for appellee.

JIM JOHNSON, Associate Justice. This appeal arises from a probate court judgment which denies payment of administratrix' fees, attorney's fee and court costs.

Preston Shepherd of Forrest City died intestate on December 18, 1962, leaving a widow and eight children, two of whom are minors. The widow, appellant Virgie Shepherd, petitioned for appointment as administratrix of Shepherd's estate in St. Francis Probate Court and letters of administration were thereafter issued to her. Mr. Shepherd owned eighty acres of land and a quantity of farming tools, machinery and equipment (inventoried at $22,870). Each year Shepherd had rented a number of farms and farmed extensively. Appellee W. O. Kerr had financed Shepherd in his farming operations, taking a mortgage on Shepherd's equipment and crops every

year to secure payment of his advances. Kerr also held a second mortgage on Shepherd's eighty acres, the first mortgage being held by the First National Bank of Eastern Arkansas.

Appellee's pleadings reveal that it was the custom of appellee Kerr to allow Shepherd to sell his crops, deposit the proceeds in his (Shepherd's) personal account and then pay Kerr. Just before Shepherd died he had sold most of his crops for that year and had deposited the money in his account. After paying Kerr $25,000 (leaving $27,999.68 owing on his 1962 account), there was $13,154.23 in Shepherd's bank account at the time of his death, which in due course was transferred to the administratrix' account. Following an order of the probate court, appellant administratrix employed labor, harvested the remaining crops, sold them for about $5,000 and deposited these funds to her account as administratrix.

Appellant on January 9, 1963, petitioned the court for authority to employ an attorney, which was granted. This attorney served until January 31, 1963, at which time the court permitted him to withdraw. In March, 1963, one of Shepherd's landlords, Edgar, filed suit in chancery against appellant for his rent of $4,000 and joined the bank and appellee as parties defendant. Appellant then requested instructions from the probate court relative to Edgar's chancery action and was authorized by the probate court to offer no defense. After payment of the $4,000 by appellant as administratrix, Edgar withdrew from the suit. Appellee Kerr filed an answer and cross-complaint in Edgar's chancery suit setting up his account (which totaled some $188,000 over a four-year period), mortgage and security agreement on the crops and farming equipment, alleging that he had a lien on the land, on all of Shepherd's personal property including the funds in the administratrix' account and twelve bales of cotton being sold by cotton factors, and prayed the court to direct appellant and the bank to pay him the balance in the administratrix' account. (On May 22, 1963, appellant petitioned the probate court for instructions and on May 23rd the court ordered her to

offer no defense to foreclosure of the liens held by Kerr on the decedent's real and personal property. (The record before us is silent as to any final disposition of this chancery action.)

On July 25, 1963, appellant again petitioned for authority to employ an attorney, stated that she needed counsel in passing on claims against the estate amounting to almost $200,000 and for defense in circuit court suits filed against the estate, and was given permission to employ her present counsel.

On September 27, 1963, appellant filed her final report as administratrix showing property of the estate in her hands including cash in the bank in the sum of $13,792.79, setting out class "a" and "b" claims, allowed and disallowed, asked that she be directed to pay first the class "a" claims, then "b" claims as far as the funds would go, and for discharge as administratrix. Kerr filed objections to the final account, alleging that he had a lien on all of the funds and farming equipment in appellant's hands and that the estate is without funds to pay any claims. On December 19, 1963, the probate court ordered appellant to pay without delay certain class "a" claims for labor (performed in the 1962 harvest) totaling about $1,700. The court also found that no fees, costs or expenses had been paid to appellant or her attorney, allowed these as class "a" claims in the amounts fixed by statute, and added that "such claims [for administratrix' and attorney's fees] are not to be paid until further order of this court." On January 14, 1965, the probate court entered its judgment on the final report, finding that appellee Kerr had filed his secured claim against the estate in the sum of $188,000, that appellee had filed an answer and foreclosure in Edgar's chancery action claiming security on all of decedent's personal property, foreclosure of his second mortgage, and also that appellant insisted that attorney's fees, court costs and administratrix' fees should be paid prior to the lien held by appellee. The court ordered "that administratrix and attorneys fee should be allowed according to Statute but said attorneys fees and administratrix fee are not paramount claims of Kerr, holder of

secured claim on specific property. The specific property under Financing Statement, Security Agreement or mortgage cannot be used to pay such claims.'' From the judgment appellant has prosecuted this appeal.

For reversal appellant urges first that appellee waived his lien on the proceeds of the crop sale made by decedent by permitting decedent to sell the crops and to deposit the proceeds in his (decedent's) personal bank account and then later pay appellee. The contention, in esse, is that the funds in the decedent's bank account, prior to his death, were free of appellee's lien and therefore passed to the administratrix free of the lien. This court has consistently held that where a mortgagee authorizes or gives consent to the mortgagor to sell the mortgaged property, the mortgage lien thereon is discharged (*Fincher* v. *Bennett*, 94 Ark. 165,, 126 S. W. 392; *Vaughn* v. *Hinkle*, 131 Ark. 197, 198 S. W. 705; *Mitchell* v. *Mason*, 184 Ark. 1000, 44 S. W. 2d 672; *May Way Mills Inc.* v. *Jerpe Dairy Products Corp.*, 202 Ark. 397, 150 S. W. 2d 615; *Farm Bureau Co-op Mill & Supply* v. *Swift & Co.*, 227 Ark. 182, 297 S. W. 2d 107; *Bank of Bentonville* v. *Swift & Co.*, 233 Ark. 808, 348 S. W. 2d 881); however, all reported Arkansas cases on this point of law involve the rights of some third party, usually a purchaser from the mortgagor. We find no cases and have been cited none applying this rule to an action solely between a mortgagor and mortgagee. A decision on this point is not necessary for a determination of this case. We defer passing on the point urged until such time as it is better presented inasmuch as the only question we are called upon to answer here is confined solely to the validity of the claims for administratrix fees, attorneys fees and court costs.

Appellant next contends that appellee is estopped from objecting to payment of the fees of the administratrix and the attorney for the estate by having acquiesced in and consented to their actions and accepted their services. With this contention we agree. Throughout the administration of decedent's estate, appellee has accepted appellant's services in marshalling and conserving the assets of the estate, never sought appointment

of receivers in foreclosure of his various mortgages although entitled thereto by the terms of his mortgages. Appellee did not ask that the administratrix be stopped from selling the crops on which appellee had a mortgage, but allowed her, if he did not in fact encourage her, to hire labor, harvest and sell the crops (and made no objection to payment of the laborers or the rent). Having accepted and taken advantage of the services of the administratrix and the attorney for the estate, appellee is estopped to deny them payment for these services. *Adams* v. *Woods,* 128 Ark. 441, 194 S. W. 849; *Harris* v. *Thackery,* 201 Ark. 881, 147 S. W. 2d 355. Accordingly, the cause is hereby reversed and remanded for entry of an order allowing payment of administratrix' fee, attorney's fee, and court costs, together with an additional attorney's fee for services to appellant in this court.