**In re 1020 WARBURTON AVENUE REALTY CORP., Debtor.**

**Bankruptcy No. 91 B 20222.**

United States Bankruptcy Court, S.D. New York.

May 31, 1991.

Winthrop, Stimson, Putnam & Roberts, New York City (Leo T. Crowley, Valerie Fitch, of counsel), for debtor.

Sheinfeld, Maley & Kay, Houston, Tex., Robinson Silverman Pearce Aronsohn & Berson, New York City, for Nat. Bank of Canada.

## DECISION ON MOTION FOR AN ORDER DISMISSING INVOLUNTARY PETITION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor in this involuntary Chapter 11 case, 1020 Warburton Avenue Realty, has moved pursuant to Bankruptcy Rules 1017 and 9014 and 11 U.S.C. §§ 303 and 1112(b), for an order dismissing the involuntary Chapter 11 petition because it was filed in bad faith and is a perversion of the bankruptcy process. The involuntary Chapter 11 petition was filed by the National Bank of Canada ("National") and three trade creditors who collectively allege that they hold claims against the debtor that are not contingent as to liability or the subject of a bona fide dispute which aggregate more than $5,000.00 in excess of the value of any liens on property of the debtor securing such claims held by the petitioning creditors, as required by 11 U.S.C. § 303(b).

■ The debtor's basic position is that National is an undersecured mortgagee which has violated the doctrine of election of remedies under New York law by maintaining concurrently an action in the United States District Court for the Southern District of New York against the individual guarantors of the debtor's mortgage and commencing an involuntary Chapter 11 petition for the purpose of foreclosing on the mortgage. Under New York state law, a foreclosure action is not maintainable without leave of the court while an action is pending against the mortgage guarantors. The debtor cites New York Real Property Actions and Proceeding, ("RPAPL") § 1301 as the basis for invoking the election of remedies doctrine.[1]

The debtor alleges that National has improper ulterior motives for filing this involuntary Chapter 11 petition in that it seeks to circumvent the New York election of remedies rule incorporated in RPAPL § 1301, which prohibits a mortgagee from pursuing an action at law for a money judgment on the debt concurrently with an action in equity to foreclose without leave of court. The debtor regards "the Bank's initiation of the involuntary petition as tantamount to foreclosure." Hence, the debtor views the involuntary Chapter 11 petition as an indirect violation of RPAPL § 1301, notwithstanding the efficacy of 11 U.S.C. § 362(a), which automatically stays foreclosure actions against property of the debtor.

### Factual Background

The debtor is a single asset entity which was incorporated for the sole purpose of developing and marketing a condominium apartment building on Warburton Avenue in Yonkers, New York. Its sole shareholders are Frank and Anthony LaSala. National issued a series of mortgage loans to the debtor aggregating $14,125,000.00 in principal amount to fund the construction and marketing of the condominium building. National obtained the personal guarantees of the loans from Frank and Anthony LaSala.

The debtor has generally not paid its debts as they became due since March of 1990. There is no question that the debtor has defaulted in making payments under National's mortgage on August 5, 1990, the

1. RPAPL § 1301 provides, in pertinent part:
    1. Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclosure the mortgage, unless an execution against the property of the defendant has been issued upon the judgment ... and has been returned wholly or partly unsatisfied.

2. While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought.

maturity date. Pursuant to a complaint dated January 24, 1991, National commenced an action against the LaSala guarantors in the United States District Court based on diversity of citizenship.

On February 7, 1991, National and three additional creditors filed an involuntary Chapter 11 petition against the debtor in this court, asserting claims of $14,125,-000.00, $16,302.09, $31,937.80 and $19,-984.22, respectively. National asserts that it is an undersecured creditor. The debtor does not dispute that the petitioning creditors hold noncontingent, undisputed, unsecured claims in excess of $5,000.00, as required by 11 U.S.C. § 303(b).

The debtor alleges that National induced the other three petitioning creditors to join the petition by falsely telling them that they may receive a dividend in a Chapter 11 case, whereas National is undersecured so that the unsecured creditors will not likely receive any dividend. There was no evidence as to this allegation nor was there any evidence that National solicited the other three petitioning creditors in bad faith or as a result of any misrepresentations or financial commitments made to them by National. Therefore, there remains for consideration whether National's participation in the involuntary Chapter 11 petition violates RPAPL § 1301 in light of its pending action in the district court against the debtor's shareholders on their personal guarantees with respect to the mortgage debt. The debtor maintains that National has made an election of remedies and that the involuntary Chapter 11 petition was filed in bad faith with the ulterior purpose of circumventing the impact of RPAPL § 1301.

### Good Faith

■ When a single asset *debtor* files a voluntary Chapter 11 case on the eve of a foreclosure action a court may dismiss the case under 11 U.S.C. § 1112(b) on a finding of objective futility of any possible reorganization and subjective bad faith if the following factors exist: 1. The only significant creditors are those seeking foreclosure. 2. There are few or no unsecured creditors. 3. The filing of the case on the eve of a mortgage foreclosure, was not precipitated by creditor pressure other than those creditors seeking foreclosure. 4. The only employees are those who are in actual control of the debtor. 5. The debtor has little or no cash flow. 6. The debtor is not engaged in significant business activities. 7. There is no realistic possibility of a reorganization and there was evidence of subjective bad faith on the part of the petitioner in filing the Chapter 11 case. *Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir.1989); *Idaho Dept. of Lands v. Arnold (In re Arnold)*, 806 F.2d 937 (9th Cir.1986); *Little Creek Development Co. v. Commonwealth Mortgage Co. (In re Little Creek Development Co.)*, 779 F.2d 1068 (5th Cir.1986); *Albany Partners, Ltd. v. W.P. Westbrook, Jr. (In re Albany Partners, Ltd.)*, 749 F.2d 670 (11th Cir.1989).

■ Had the debtor filed the Chapter 11 petition in this case, there might have been an argument that the single asset case was filed in bad faith solely to prevent the mortgagee from foreclosing. However, this case presents the unusual twist of an involuntary Chapter 11 filed by four petitioning creditors against a debtor who asserts that one of the petitioning creditors had an ulterior purpose which tainted the petition as having been filed in bad faith. The debtor does not deny that all of the requirements for an involuntary petition under 11 U.S.C. § 303(b) have been satisfied. Moreover, the debtor has produced no evidence at the hearing as to National's lack of good faith in filing the involuntary Chapter 11 petition. The debtor relies upon inference for its legal conclusion as to bad faith. The debtor infers that an involuntary Chapter 11 petition may not be filed by a mortgagee without leave of court when the mortgagee has a pending action against the mortgage guarantor as a result of a mortgage default. Additionally, the debtor infers that the involuntary Chapter 11 petition is "tantamount to foreclosure." Neither inference has any merit.

■ Notwithstanding RPAPL § 1301, as applicable in New York, there is nothing in 11 U.S.C. § 303(b) that conditions the com-

mencement of an involuntary bankruptcy case upon the compliance with a state statute with respect to election of remedies. The United States Constitution specifically mandates that only Congress has the authority to promulgate laws with respect to bankruptcy. Art. 1, Sec. 8, cl. 4. Accordingly, state statutes may not impose conditions for the filing of bankruptcy cases in Federal courts.

The debtor reasons that this involuntary Chapter 11 case is tantamount to a foreclosure action, and therefore, National is circumventing RPAPL § 1301, so that it must be concluded that the involuntary Chapter 11 petition which was filed against the debtor was filed in bad faith because National was one of the petitioning creditors. This syllogistic reasoning must crumble because the two predicate propositions are unsound. First, the involuntary Chapter 11 petition is not tantamount to a foreclosure proceeding. Indeed, the commencement of the Chapter 11 case immediately invokes 11 U.S.C. § 362(a) which automatically stays any foreclosure proceedings against property of the estate. Merely because National orchestrated the involuntary petition and also holds a secured mortgage claim does not mean that this case is simply a two-party dispute which is the equivalent of a mortgage foreclosure proceeding by National. The three other petitioning creditors have claims and interests which must be considered in the Chapter 11 process, in addition to the interests of all other creditors in this case. Second, the commencement of the involuntary Chapter 11 case does not constitute a circumvention of RPAPL § 1301 because there is no state court foreclosure action pending by National which conflicts with the state statute prohibiting concurrent actions by a mortgagee against mortgage guarantors while foreclosing on the mortgage. RPAPL § 1301 governs state procedures and has no application to bankruptcy cases which are constitutionally within the exclusive province of Congress. Hence, there is no violation of the election of remedies doctrine incorporated in RPAPL § 1301. Absent a violation of RPAPL § 1301, it cannot be concluded that National lacked good faith when it participated in filing the involuntary Chapter 11 petition. It should be noted that the court does not imply that a violation of RPAPL § 1301 would, per se, constitute bad faith so as to justify the dismissal of an involuntary bankruptcy petition.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The debtor does not dispute that the involuntary Chapter 11 petition satisfies all the requirements of 11 U.S.C. § 303(b).

3. The debtor has not satisfied its burden of proof with regard to its assertion that the involuntary Chapter 11 petition which was filed in this case was motivated by bad faith and should be dismissed.

4. The debtor's motion to dismiss the involuntary Chapter 11 petition which was filed by the four petitioning creditors is denied.

SETTLE ORDER on notice.