**In re CON AM GRANDVIEW ASSOCIATES, L.P.,**
**Debtor.**

**No. 94 Civ. 7253 (PKL).**

United States District Court,
S.D. New York.

March 15, 1995.

---

Law Offices of Arthur J. Israel (Arthur J. Israel, of counsel), New York City, for appellant.

Rosen & Barnard (Avrum J. Rosen, of counsel), Huntington, NY, for appellee.

### *OPINION AND ORDER*

LEISURE, District Judge:

This is an appeal brought by John Alden Life Insurance Company ("Alden") of an order (the "Order") by the Honorable Burton R. Lifland, Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On April 13, 1994, Con Am Grandview Associates, L.P. (the "Debtor") filed a voluntary petition for bankruptcy relief, pursuant to 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"). The Order denied Alden's motion for an order, pursuant to § 1112(b) of the Bankruptcy Code dismissing Debtor's case as having been brought in bad faith, or pursuant to § 362(d) of the Bankruptcy Code, granting relief from the automatic stay provisions of Bankruptcy Code § 362(a).

Jurisdiction of the instant appeal is founded on 28 U.S.C. § 158(a) (1988), and is undisputed.

For the reasons stated below, the appeal is denied.

### BACKGROUND

Debtor is a California limited partnership which was formed for the purpose of acquiring and operating property. *See* Appellee's Brief in Opposition ("Appellee Mem.") at 1–2. Alden is a Florida corporation. *Id.* at 2. Debtor is the owner of a parcel of improved commercial real property located in Grandview, Missouri (the "Property"). *See* Brief of the Appellant ("Appellant Mem.") at 3. Alden is the holder of a promissory note, dated September 12, 1989, made by HSC Grandview Associates, Inc., as obligor, to Alden, as obligee, in the original amount of $2,500,000 (the "Note").[1] *Id.* Debtor assumed the obligations set forth in the Note on May 8, 1990.

---

1. At the time the Bankruptcy Court issued the Order, approximately one-fifth of the amount of the Note had been paid, and the Debtor re-mained obligated for an amount in excess of $1.9 million.

*Id.* The Note is secured by a first lien on the Property. *Id.*

Debtor failed to make monthly payments due under the Note for May, June and July of 1993, and Alden brought a non-judicial proceeding to foreclose. Appellant Mem. at 4; Appellee Mem. at 3. A sale of the Property was scheduled to take place on April 14, 1994, and Debtor filed its petition for bankruptcy relief on April 13, 1994. Appellant Mem. at 4. The filing of the petition automatically invoked the stay provisions of Bankruptcy Code § 362(a), and the foreclosure sale was adjourned.

On May 23, 1994, Alden moved the Bankruptcy Court for an order dismissing Debtor's case as having been filed in bad faith, or in the alternative, granting relief from the automatic stay to permit Alden to pursue its state foreclosure remedies. Judge Lifland heard oral argument on June 29, 1994, and then read the Order into the record, denying Alden's motion. On August 8, 1994, a written copy of the Order was filed.

## DISCUSSION

### I. *Bad Faith*

■ Alden contends that all bankruptcy petitions must be supported by the objective good faith of the filing party. Appellant Mem. at 18. Alden maintains that Debtor's petition, in the instant action, was made in bad faith and should be dismissed. Debtor, in turn, observes that while many courts have determined that bankruptcy petitions must not be filed in bad faith, no explicit statutory provision requires any sort of good faith in the filing of petitions. Debtor further notes that no Second Circuit case has ever expressly provided that a bankruptcy petition may be dismissed for bad faith, and in deed, Alden points to no Second Circuit authority in support of its position.

This Court need not, however, determine whether, in the absence of good faith, Debtor's petition should be dismissed because the Bankruptcy Court's finding that Debtor did not act in bad faith is not clearly erroneous. Even under the standard for bad faith espoused by Alden, this Court cannot conclude that the Bankruptcy Court was clearly erroneous when it held that Debtor did not act in bad faith.

Alden states that the "test of good faith, which is not defined in the Bankruptcy Code, is whether a debtor has an honest intention and real need and ability to reorganize its business." Appellant Mem. at 19 (citing *In re South County Realty, Inc. II,* 69 B.R. 611 (Bankr.M.D.Fla.1987)). Alden relies on *In re Little Creek Development Company,* 779 F.2d 1068 (5th Cir.1986), which states, in part, "[d]etermining whether the debtor's filing for relief is in good faith depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities." *In re Little Creek,* 779 F.2d at 1072–73. Although both §§ 362(d)(1) and 1112(b) allow relief to be granted "for cause," that term is not defined in the statute so as to afford flexibility to the bankruptcy courts. *Id.* at 1072.

The United States Bankruptcy Court for the Southern District of New York expounded a comprehensive set of criteria for consideration in actions such as the instant one.

> When a single asset debtor files a voluntary Chapter 11 case on the eve of a foreclosure action a court may dismiss the case under 11 U.S.C. § 1112(b) on a finding of objective futility of any possible reorganization and subjective bad faith if the following factors exist: 1. The only significant creditors are those seeking foreclosure. 2. There are few or no unsecured creditors. 3. The filing of the case on the eve of a mortgage foreclosure, was not precipitated by creditor pressure other than those creditors seeking foreclosure. 4. The only employees are those who are in actual control of the debtor. 5. The debtor has little or no cash flow. 6. The debtor is not engaged in significant business activities. 7. *There is no realistic possibility of a reorganization and there was evidence of subjective bad faith on the part of the petitioner in filing the Chapter 11 case.*

*In re 1020 Warburton Avenue Realty Corp.,* 127 B.R. 333, 335 (Bankr.S.D.N.Y.1991) (em-

phasis added).[2]

The question of whether Debtor filed its bankruptcy petition in bad faith is a close one. If it had come to this Court initially the outcome might have been different. The presence of the first four factors, in the instant action, seem clearly to signal the possibility of bad faith. The fifth and sixth factors also seem to favor a finding a bad faith. This Court, however, cannot conclude that the Bankruptcy Court's determination that there is a realistic possibility of a reorganization and that there is no evidence of subjective bad faith on the part of Debtor is clearly erroneous. Moreover, a finding of bad faith must be made only after broadly viewing all of the circumstances of the individual case.[3] This Court finds that the Bankruptcy Court, in assessing the entire situation, was not clearly erroneous in its determination that Debtor did not act in bad faith.

## II. Reasonable Likelihood of Reorganization within Reasonable Time

█ Alden also argues that even if Debtor's petition was not in bad faith, it should be dismissed because the Debtor does not have a reasonable likelihood of successfully reorganizing within a reasonable amount of time. Alden contends that the Bankruptcy Code provides protection from their creditors only to those businesses which can be effectively reorganized within a reasonable amount of time. Section 362(d)(2) of the Bankruptcy Code reads as follows:

(d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay— ...

(2) with respect to a stay of an act against property under subsection (a) of this section, if— (A) the debtor does not have any equity in such property; and (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2).

The first half of § 362(d)(2)'s two-part test is satisfied in the instant action. Debtor does not dispute that it has no equity in the Property. The second prong requires a determination of whether the Property is necessary for an effective reorganization. Alden does not deny that without the Property Debtor can not hope to reorganize. Rather, Alden contends that § 362(d)(2)(B) has been interpreted to require a showing that "there is a reasonable possibility of a successful reorganization within a reasonable time." In re Bloomington HH Investors, Ltd. Partnership, 114 B.R. 174, 175 (D.Minn.1990), aff'd, 938 F.2d 188 (8th Cir.1991). Alden acknowledges that a debtor's burden to demonstrate its ability to reorganize increases as the proceedings advance, but it argues that there must be some initial responsibility on Debtor's part, regardless of the stage of the proceedings, to demonstrate some reasonable prospect of effectuating a plan of reorganization within a reasonable amount of time. See In re 160 Bleecker Street Associates, 156 B.R. 405, 410–11 (S.D.N.Y.1993).

Alden contends that Debtor's only plan is to find new tenants, and that such a plan is too speculative to prevent the court from granting relief from the stay, pursuant to

---

**2.** In the case of In re Phoenix Piccadilly, Ltd., 849 F.2d 1393 (11th Cir.1988), the court considered the following indicia of bad faith:

(i) The Debtor has only one asset, the Property, in which it does not hold legal title;
(ii) The Debtor has few unsecured creditors whose claims are small in relation to the claims of the Secured Creditors;
(iii) The Debtor has few employees;
(iv) The Property is the subject of a foreclosure action as a result of arrearages on the debt;
(v) The Debtor's financial problems involve essentially a dispute between the Debtor and the Secured Creditors which can be resolved in the pending State Court Action; and

(vi) The timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights.

In re Phoenix Piccadilly, 849 F.2d at 1394–95.

**3.** The factors indicating bad faith "cannot always be sensibly applied in a rigid fashion, and [ ] a finding of bad faith, in our opinion, should be more than mere indicia counting, it is this Court's practice to look at the totality of the circumstances." In re U.S. Advertising, Inc., 131 B.R. 537, 540 (Bankr.D.R.I.1991); see also In re Little Creek, 779 F.2d at 1072 (finding of lack of good faith is based on a conglomerate of factors rather than on any single datum).

§ 362(d)(2). Debtor responds that it need not produce a confirmable plan, but need only show that the "proposed plan has a realistic chance of being confirmed and is not patently unconfirmable." *In Re Bleecker Street* 156 B.R. at 405. Debtor argues that debtors who are able to show that they have a reasonable likelihood of providing a plan that will infuse the necessary cash into the business to pay off their debts have met their burden of proof. *See, e.g., In re U.S. Advertising,* 131 B.R. at 537.

Debtor notes that Alden filed it motion only five weeks after Debtor filed its petition, and contends that Debtor has demonstrated that it has taken substantial steps to improve its cash flow and to locate tenants. Debtor further maintains that it has demonstrated that it will be able to propose a plan which contemplates the existence of a new tenant that will provide Debtor with sufficient cash flow to pay operating expenses and to resume payment on its outstanding debt and the arrearage within a reasonable period of time.

Once again the question is a close one, and again the outcome may have been different if the action was before this Court originally. The Court views sympathetically Alden's claim that Debtor's plan consists of little more than a strategy of delaying for time to find a new tenant. However, this Court cannot conclude that the Bankruptcy Court's determination that Debtor had a prospect of effectuating a plan of reorganization within a reasonable amount of time was clearly erroneous. This Court notes that Alden's motion came only five weeks after the petition was filed. The Bankruptcy Court reached its decision based on the information available at that early stage of the proceedings. This Court finds that the Bankruptcy Court's ruling was not clearly erroneous given the more relaxed standard under which a debtor's potential reorganization plan is judged at the early stages of a bankruptcy proceeding. As Debtor observes, the Bankruptcy Court did not declare that Alden could never have relief from the stay, but just that it could not have such relief at the time its motion was brought.

In sum, in light of the early stage of the bankruptcy proceedings, this Court finds that the Bankruptcy Court was not clearly erroneous in finding that Debtor met its burden of showing that it would be able to propose a confirmable plan.

## CONCLUSION

For the reasons stated above, the Bankruptcy Court did not commit reversible error in denying Alden's motion to dismiss Debtor's case as a bad faith filing, or in denying Alden's motion for relief from the automatic stay. Accordingly, Alden's appeal for an order reversing the decision of the Bankruptcy Court is denied, and the decision of the Bankruptcy Court is affirmed in its entirety.

**SO ORDERED.**