[No. 29720-9-III.   Division Three.   November 15, 2012.]

DEERE CREDIT, INC., *Respondent*, v. CERVANTES NURSERIES, LLC, ET AL., *Appellants*.

2

*Emanuel Jacobowitz* and *R. Bruce Johnston*, for appellants.
*Roger W. Bailey* (of *Bailey & Busey PLLC*), for respondent.

¶1 SWEENEY, J. — A creditor proceeded with collection efforts on some promissory notes in superior court against the defendants; one of the defendants was in a Chapter 11 bankruptcy proceeding. The defendants objected to the state court proceedings and argued that they violated Washington's single-action rule (RCW 61.12.120). We conclude that the state court proceedings did not duplicate the bankruptcy proceedings and do not therefore violate the single-action rule, and we affirm the court's summary judgment in favor of the creditor.

## FACTS

¶2 Deere Credit Inc. loaned approximately $3,800,000 to Cervantes Orchards & Vineyards LLC, Cervantes Nurseries LLC, Cervantes Packing & Storage LLC, Manchego Real LLC, and Jose and Cynthia Cervantes (collectively Cervantes) in July 2003, pursuant to the terms of three promissory notes. The notes were secured by mortgages on several parcels of real property, among other things.

¶3 Cervantes failed to pay the notes. Cervantes and Deere Credit executed a forbearance agreement that provided in part that Cervantes would have until January 31, 2005, to repay the obligations. Cervantes again failed to timely pay the notes in full. Deere Credit sued in August 2005 for payment and to foreclose on the property pledged as security.

¶4 Cervantes Orchards & Vineyards alone filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Washington on August 19, 2005. A plan of reorganization was confirmed

on April 11, 2007. Cervantes and Deere Credit then entered into a second forbearance agreement on April 30, 2007. That agreement provided that Deere Credit would agree to the Cervantes Orchards & Vineyards' reorganization plan but "conditioned upon the execution . . . of this Second Forbearance Agreement." Clerk's Papers (CP) at 417. Both the reorganization plan and the forbearance agreement required that Cervantes Orchards & Vineyards individually and Cervantes collectively make quarterly payments and fully pay their obligations to Deere Credit before December 31, 2009.

¶5 Cervantes again failed to make timely payment. Cervantes Orchards & Vineyards also failed to make payments under the reorganization plan. Deere Credit again filed suit in state court in November 2009. Its complaint prayed for a judgment for an order foreclosing on its security. Deere Credit also moved in the bankruptcy action pursuant to the bankruptcy reorganization plan to reopen the bankruptcy and have a liquidating agent appointed. The bankruptcy court granted the motion and appointed a liquidating agent. The agent auctioned a variety of real and personal property owned by Cervantes Orchards & Vineyards and distributed the proceeds of those sales to creditors.

¶6 Deere Credit moved for summary judgment in the state court action on February 22, 2010. Cervantes moved to dismiss the state court collection suit and argued that Deere Credit could not pursue this action to collect on the same debt because it had forced sale of real property in the bankruptcy proceedings and the state court proceedings therefore violated Washington's single-action rule (RCW 61.12.120). The Yakima County Superior Court concluded that the state court proceedings did not violate the prohibition against multiple actions and granted Deere Credit summary judgment.

## DISCUSSION

*Single-Action Rule*

■ ¶7 The essential facts here are not disputed. The question is then a question of law—whether the parallel proceedings here violate Washington's prohibition against prosecuting multiple actions on a single debt. RCW 61.12-.120. Our review is therefore de novo. *Wash. State Farm Bureau Fed'n v. Gregoire*, 162 Wn.2d 284, 300, 174 P.3d 1142 (2007).

¶8 Cervantes contends the single-action statute, RCW 61.12.120, prohibited Deere Credit from reopening the Cervantes Orchards & Vineyards' bankruptcy action to force liquidation, and simultaneously bringing the superior court action against Cervantes collectively to foreclose on real property to collect on the same debt. Deere Credit responds that bankruptcy liquidation pursuant to the terms of a reorganization plan is not an "action" under RCW 61.12.120. Deere Credit also contends that the two actions technically dealt with different debts (one was based on the forbearance agreement and the second was based on the bankruptcy reorganization plan) and different debtors (Cervantes Orchards & Vineyards, individually, and Cervantes collectively). And it urges that the issue is now moot because the bankruptcy liquidation is complete and the superior court judgment credits the amount received in that proceeding against the overall debt.

■ ¶9 The single-action statute bars a plaintiff from foreclosing "while he . . . is prosecuting any other action for the same debt or matter which is secured by the mortgage." RCW 61.12.120.[1] In other words, a creditor may not levy

---

[1] RCW 61.12.120 provides:

The plaintiff shall not proceed to foreclose his or her mortgage while he or she is prosecuting any other action for the same debt or matter which is secured by the mortgage, or while he or she is seeking to obtain execution of any judgment in such other action; nor shall he or she prosecute any other action for the same

upon the same or additional real or personal property of a mortgage debtor after initiation of a foreclosure action unless or until the judgment remains unsatisfied after applying the proceeds of the sale of the mortgaged property to the debt. *Am. Fed. Sav. & Loan Ass'n of Tacoma v. McCaffrey*, 107 Wn.2d 181, 192, 728 P.2d 155 (1986). Our Supreme Court refused to allow a creditor to levy on other property simply because there was a "potential" deficiency:

> The evident spirit and intent of § 5893 [RCW 61.12.120] was to prevent plaintiffs from harassing defendants, in foreclosure actions, with ancillary proceedings prosecuted before judgment, for the purpose of seeking additional and concurrent remedies other than those authorized by statute, or arising in the usual course of procedure. It was to prohibit a mortgagee securing, by writ of attachment or otherwise, an additional remedy in anticipation of a deficiency judgment, while looking to the mortgage security, and before exhausting the same by foreclosure and sale.

*Advance Thresher Co. v. Schimke*, 47 Wash. 162, 164, 91 P. 645 (1907).

¶10 We find no Washington authority directly on point. But the bankruptcy case of *In re 1020 Warburton Avenue Realty Corp.*, 127 B.R. 333 (Bankr. S.D.N.Y. 1991) is helpful. There the debtor argued that the creditors who had filed an involuntary bankruptcy against it had done so in bad faith because one of the creditors was attempting to circumvent a state election of remedies statute by filing the petition after having already chosen to proceed against the guarantor in the bankruptcy proceedings. *Id.* at 334. The bankruptcy court rejected the debtor's argument on the ground that a Chapter 11 bankruptcy action is not the same as a foreclosure proceeding:

> [T]he involuntary Chapter 11 petition is not tantamount to a foreclosure proceeding. Indeed, the commencement of the

---

matter while he or she is foreclosing his or her mortgage or prosecuting a judgment of foreclosure.

We quote the current version of RCW 61.12.120, which was amended by Laws of 2012, ch. 117, § 164 to make the language gender neutral.

Chapter 11 case immediately invokes 11 U.S.C. § 362(a), which automatically stays any foreclosure proceedings against property of the estate. Merely because [creditor] orchestrated the involuntary petition and also holds a secured mortgage claim does not mean that this case is simply a two-party dispute which is the equivalent of a mortgage foreclosure proceeding by [creditor]. The three other petitioning creditors have claims and interests which must be considered in the Chapter 11 process, in addition to the interests of all other creditors in this case.

*Id.* at 336. The bankruptcy court further held that the New York State election of remedies statute "governs state procedures and has no application to bankruptcy cases which are constitutionally within the exclusive province of Congress." *Id.*

■ ¶11 Here Cervantes Orchards & Vineyards, Cervantes Nurseries, Cervantes Packing & Storage, Manchego Real, and Jose and Cynthia Cervantes jointly owed Deere Credit. Cervantes Orchards & Vineyards individually sought protection under Chapter 11 of the United States Bankruptcy Code. Cervantes Nurseries, Cervantes Packing & Storage, Manchego Real, and Jose and Cynthia Cervantes did not seek bankruptcy protection. They instead chose to enter into a second forbearance agreement with Deere Credit on April 30, 2007. That agreement was binding on the Cervanteses collectively. A plan of reorganization in the bankruptcy for Cervantes Orchards & Vineyards was confirmed on April 11, 2007. That plan was binding only on Cervantes Orchards & Vineyards individually. *See* 11 U.S.C. § 1141. The bankruptcy case was not a two-party action as contemplated by RCW 61.12.120. It involved multiple creditors with specific claims and interests. And the bankruptcy case was not transformed into a foreclosure when Deere Credit moved for an order appointing a liquidating agent after Cervantes Orchards & Vineyards defaulted—a remedy it was legally entitled to under the reorganization plan.

¶12 The two matters were certainly interrelated, but we are led to conclude that they did not constitute the same

"action" for purposes of Washington's single-action statute. RCW 61.12.120. Federal bankruptcy protection involves unique proceedings not contemplated or recognized by our state statutes. *See Schimke*, 47 Wash. at 164-65. Moreover, the judgment and decree of foreclosure entered by the Yakima County Superior Court credited the amounts paid by Cervantes Orchards & Vineyards through the bankruptcy liquidation against the final judgment amount.

## Attorney Fees

■ ¶13 Deere Credit requests fees on appeal pursuant to RCW 4.84.330 and RAP 18.1. The contract here provided for fees. And the prevailing party is therefore entitled to fees. RCW 4.84.330. The second forbearance agreement provides:

> In the event that DCI [Deere Credit] consults an attorney in connection with any default by the Borrowers [Cervantes] regarding enforcement of any of DCI's rights under this Agreement, . . . Borrowers and Guarantors [Cervantes], jointly and severally agree to pay all costs, expenses and attorneys fees incurred by DCI in connection therewith.

CP at 430-31.

¶14 We award Deere Credit attorney fees and costs. We affirm the court's summary judgment in favor of the creditor.

SIDDOWAY, A.C.J., and KULIK, J., concur.